BRINKLEY CAR COMPANY *v*. COOPER.

Opinion delivered May 18, 1895.

*Negligence of land-owner—Attracting child into danger.*

In an action by a child against the owner of land for injuries received by walking into a pool of hot water and being scalded, the jury should be directed, in determining defendant's liability, to consider whether the condition and situation of the pool was such that defendant, as a reasonable man, ought to have known that children of the age of plaintiff would probably bè attracted to it, and would receive such injuries as plaintiff did receive.

, Appeal from Lonoke Circuit Court.

JOHN L. BLACK, Special Judge.

STATEMENT BY THE COURT.

The appellee recovered a judgment for $1000, as damages for an injury received by him by being scalded in a pool of hot water, which had been formed by water let out of the steam boiler of the appellant.

It was the custom of the company to let the water out of its boiler at 3 o'clock p. m. on every other Sunday, that the boiler might be cleaned out on the following Monday. On the day of the appellee's injury, he went to the mill at about 3 o'clock p. m. in company with the watchman at the mill and his son, against the protest of the watchman. The water was let out of the boiler by the watchman, and ran through a plank conduit to a place sixty feet north of the mill, and there into a pit or place in the earth, which had been washed out by the

water from the boiler. The appellee, who was about six years old, playing around it, walked into the water, and was scalded.

It was shown that the mill and the pool were on the private grounds of the appellant, and were about 300 feet from the nearest street or travelled way in the town of Brinkley. It was also shown that children sometimes played on Sundays, on the pile of sawdust at the mill, which was about 150 feet from the water ; that this reservoir might have been covered without inconvenience. There was some evidence tending to show that children were not allowed to play around the sawdust pile, and that they had not, before the day of the injury, ever been seen at the pool; that the pool was partially covered with bark, but that the water was clear, and could be seen ; that no pathway ran over these grounds. It was not alleged in the complaint, nor shown in the evidence, that this pool of water was known to children before the day of the injury, or that it or its immediate surroundings were attractive to children.

The complaint alleged " that defendant negligently and carelessly failed and neglected to cover and enclose said pit, or post any notices or sign indicating that it contained boiling water, but negligently and carelessly and wantonly deposited in said pit pieces of bark from the logs or timber brought to its yards, which said pieces of bark congregated and floated so thickly on the top of the boiling water in said pit, that persons passing near it could not see the water in said pit" and then that the plaintiff, not being able to see the water, walked into it, and was scalded.

It appeared that when the watchman let the water out of the boiler his little son and the plaintiff were present, and that he cautioned them not go about the water, as it was hot.

*C. F. Greenlee* and *N. W. Norton* for appellant.

It is not negligence to turn hot water loose on one's back premises, where no stranger has a right to be, where the public does not use, and where there is nothing to attract attention. 26 Atl. 975. The owner of private grounds is under no obligation to keep them in a safe condition for the benefit of trespassers. He is under no obligation to fence or guard any wells, ditches or other pitfalls or dangerous places on his unenclosed grounds, and is not liable for damages suffered because he failed to do so. 57 Ark. 18, and cases cited. See, also, 65 Pa. St. 276; 23 N. E. 231; 23 Kas. 347; 69 Ill. 409; 10 S. W. 593; 19 *id.* 216; 28 N. E. 283. The fact that the trespasser is an infant cannot have the effect to raise a duty where none otherwise exists. 129 Mass. 440; 27 N. E. 773; 126 Mass. 377; 6 S. W. 74; 28 *id.* 1069; 33 N. E. 1028; 37 Cent. L. J. 48. The complaint does not state a cause of action. It fails to allege that the place was attractive to children, or that they were in the habit of playing there, a thing always necessary when the object is to hold private owners responsible for the condition of their premises. 1 S. W. 865.

*T. C. Trimble* and *M. J. Manning* for appellee.

1. One who places a dangerous thing in a position where it is *likely* to cause injury to others is liable to a child who is injured, *although* he be a trespasser. Greater care is required to avoid injury to a child, even when a trespasser. 109 Ind. 179; 14 Am. St. Rep. 592, note; 98 Am. Dec. 175, and note.

2. An exception to the rule that one is under no obligation to keep his premises safe as against trespassers, is the case of children of tender years, where the danger is exposed, and such as *might be reasonably apprehended*. 61 Tex. 3; 57 *id.* 126; 60 *id.* 103; 83 Pa. St. 332; 19 Conn. 507; 17 Wall. 657; 21 Minn.

207 ; 1 Head, 610 ; 2 Neb. 332; 75 Mo. 653; 22 Kas. 686 ; 32 Minn. 133 ; 81 Ill. 76 ; 81 Ky. 638 ; 82 Ill. 198; 38 Wis. 274; 47 Pa. St. 300 ; 79 *id.* 33 ; 60 Mo. 475. The leading English case is 1 Q. B. 29.  See, also, 5 Exch. 240 ; 5 *id.* 243 ; 6 Mees. & W. 499 ; 4 C. & P. 262 ; 5 Maule & S. 198.  The case in 1 Q. B. has been generally followed in this country.  Whittaker's Smith on Neg. 415, note.

3.  Contributory negligence cannot be set up to defeat a recovery.  83 Ala. 371 ; 6 So. 321 ; 10 S. E. 197 ; 142 Mass. 301 ; 41 Am. St. Rep. 786 ; 93 N. C. 92; 97 Ala. 194 ; Cooley on Torts, 681 ; Bishop. Non-Cont. Law, 582 ; 114 N. C. 699 ; 41 Am. Rep. 799.  The proof shows that children were in the habit of playing there —it was attractive to them.  The complaint will be considered amended to conform to the proof.  29 Ark. 323 ; 40 *id.* 352 ; 42 *id.* 503 ; 44 *id.* 524 ; 54 *id.* 289.

HUGHES, J. (after stating the facts.)  The instructions given by the circuit court to the jury in this case are based upon the theory that the defendant was obliged to fence or enclose its private grounds to prevent injury to all persons who might trespass thereon.  This is error, and the instructions are inapplicable and erroneous.

The instructions asked by the appellant are based upon the converse of this theory ; that is, that, as matter of law, the company owed no duty to any trespasser upon its private grounds, and was therefore not liable for injuring an infant, while so trespassing, unless the injury was wantonly inflicted.  This is also erroneous.

The jury should have been instructed in this case that, in determining whether the defendant was liable or not for the injury received by the child, they should consider whether it appeared from the evidence that the pool of water in which he was scalded was attractive to children of the age of appellee, and whether this was or ought to have been known to the appellant, and whether,

from all the circumstances in evidence, it appeared that the appellant, as a reasonably prudent person, ought to have anticipated that children of the age of the plaintiff would probably receive such injury as the plaintiff did receive, by reason of the situation and condition of the pool of water at the time the plaintiff received his injury. Children are required to exercise only such care and prudence as may reasonably be expected of those who possess only the intelligence and maturity of judgment which they possess. *Railroad Co.* v. *Stout*, 17 Wall. 657 ; *Keffe* v. *Milwaukee R. Co.* 21 Minn. 207 ; *Birge* v. *Gardiner*, 19 Conn. 507 ; *Evansich* v. *R. Co.* 57 Tex. 126 ; *Lynch* v. *Nurdin*, 1 Ad. & E. (N. S.) 29.   The owner of land is not required to provide against remote and improbable injuries to children trespassing thereon. But he is liable for injuries to children trespassing upon his private grounds, when it is known to him that they are accustomed to go upon it, and that, from the peculiar nature, and exposed and open condition, of something thereon, which is attractive to children, he ought reasonably to anticipate such an injury to a child as that which actually occurs.   *Bransom* v. *Labrot*, 81 Ky. 638.

"It would put the proprietors of real estate under an oppressive burden to make them insurers against remote and improbable injuries to children while trespassing thereon."   Thompson on Negligence, secs. 603 and 604, and cases there cited.

For the errors indicated, the judgment is reversed, and the cause is remanded for a new trial.