BRINKLEY CAR WORKS & MANUFACTURING COMPANY v. COOPER.

Opinion delivered May 6, 1905.

1.  INSTRUCTION—WHEN AIDED BY OTHER INSTRUCTIONS.—An instruction which, if it stood alone, would be objectionable as assuming disputed questions to be proved, may be cured by other instructions which properly admit such questions to the jury. (Page 326.)

2.  SAME—GENERAL OBJECTION.—Where the court charged that the knowledge of the agent is the knowledge of the principal, a general objection was not sufficient to call attention to the court's failure to mark the distinction between notice to agents with authority and without. (Page 327.)

3.  TRIAL—ORDER OF ADMITTING EVIDENCE.—The trial court may, in its discretion, refuse to permit defendant to introduce evidence contradicting plaintiff's testimony on cross-examination after he had testified in rebuttal, if defendant had a previous opportunity to introduce testimony, and neglected to do so. (Page 328.)

Affirmed.

C. F. Greenlee and N. W. Norton, for appellant.

The court should have directed a verdict for appellant. 126 Mass. 377; 9 Atl. 790; 65 Pa. St. 276; 23 Kan. 347; 129 Mass. 440; 57 Ark. 18; 64 N. H. 220; 23 N. E. 231; 10 S. W. 593; 19 S. W. 216; 27 N. E. 773; 35 Ark. 615; 60 Ark. 549; 75 N. W. 735; The landowner is not liable for injuries to children trespassing, by reason of open and unguarded ponds, etc. 93 Mo. 422; 45 Neb. 467; 72 N. W. 316; 47 Pa. 113; 32 N. W. 223; 25 Mich. 1; 100 Pa. St. 144; Shear. & R. Neg. 598; 75 N. W. 1038; 52 S. W. 183.

M. J. Manning and Grant Green, for appellee.

The instructions properly declared the law, and appellant is liable. 83 Pa. St. 332; 19 Conn. 507; 17 Wall. 657; 21 Minn. 207; 15 Abb. Pr. 319; 61 Tex. 324; 11 Neb. 332; 75 Mo. 653; 22 Kan. 686; 32 Minn. 133. A verdict will not be disturbed where there is evidence to support it. 25 Ark. 474; 31 Ark. 363; 17 Ark. 498, 385; 14 Ark. 21; 40 Ark. 168; 49 Ark. 381; 11 Ark. 455; 51 Ark. 467; 48 Ark. 495; 62 Ark. 326.

*N. W. Norton* and *C. F. Greenlee,* for appellant in reply.

The general rule is that evidence of subsequent repairs or precautions is not admissible to show a negligent condition at the time of the injury.    144 U. S. 202; 40 Fed. 797; 55 Fed. 595; 60 Fed. 71; 100 Fed. 760; 91 Cal. 48; 98 Cal. 309; 51 Conn. 524; 36 Pac. 39; 132 Ill. 53; 137 Ill. 319; 123 Ind. 15; 76 Ia. 67; 107 Ia. 476; 92 Ky. 367; 80 Mo. 36; 154 Mass. 168; 168 Mass. 479; 91 Mich. 208; 91 Mich. 255; 54 Minn. 522; 67 Minn. 6; 164 Pa. St. 243; 51 S. Car. 222; 60 Fed. 73.

McCULLOCH, J.    This is the third time this case has appeared here on appeal.    The first appeal is reported as *Brinkley Car Co. v. Cooper,* 60 Ark. 545; the second as *Brinkley Car Co. v. Cooper,* 70 Ark. 331.    In each trial below the plaintiff recovered damages.    The testimony in the last trial is substantially the same as in the former trials, except that in the last the plaintiff denied that at the time he walked into the water he knew it was hot, or that he so testified at the former trial.

The court gave, among others, instruction number two asked by the plaintiff, as follows:

"2. If the jury find from the evidence that the Brinkley Car Works had notice that children did frequent the place of this pool, or were from the nature of the surroundings likely to do so, and that it carelessly left a pool of hot water there concealed in such a way that one would reasonably expect it to occasion injury to such children, the company would be liable for damages to the plaintiff, who, by reason of its concealed nature, walked into the pool of hot water, and was burned."

Counsel for appellant insist that the instruction is erroneous in that it assumes the existence of facts which were disputed, viz: that the plaintiff walked into the pool of hot water on account of its being concealed, and that he was not aware of the presence of the water, or that it was hot.    The instruction, standing alone, might be open to that construction, and would be objectionable; but not so when read with the other instructions given at appellant's request submitting to the jury the question as to whether the plaintiff knew at the time that the water was hot, and that it was concealed.

In instruction number eight given at the request of appellant, the court instructed that if the jury "find that the plaintiff was scalded by hot water, which he knew was there in the pond, and which he had been told to stay away from, and that he had sufficient capacity to understand what was told him, and intelligent enough to know that hot water would burn him, he cannot recover; and you will find for the defendant." The same question was submitted in instruction number nine given at appellant's request, and in number twelve the court told the jury that if "the plaintiff went there without the knowledge or consent of defendant, and, after he knew that the pond of water was there, either intentionally or carelessly stepped into it, and was injured, he cannot recover in this action."

In view of these further instructions we cannot believe that the instruction complained of was understood by the jury as an assumption by the court of the existence of these disputed facts.

Appellant also contends that the court erred in giving instruction number one asked by the plaintiff, where the law is declared to be that "the knowledge of the agent or agents of the defendant is the knowledge of the defendant." It is contended that the instruction is erroneous because it fails to mark the distinction between agents who are in authority and have something to do with the management and control, and agents without authority. The instruction correctly stated the law of agency in the abstract; and if appellant desired the question of the authority of the agent, or the identity of the agent or agents who received such knowledge, submitted to the jury, it should have asked it by a separate instruction or by modification of this instruction. A general objection to the instruction does not raise the question of the authority of the agents.

Other questions are urged by appellant upon the giving of other instructions asked by plaintiff, and the refusal to give some of those asked by defendant, but we do not deem them of sufficient importance to discuss. We conclude, suffice it to say, that the court, upon the whole, correctly instructed the jury in accordance with the law as declared by this court in the opinions on the former appeals.

Counsel for appellant earnestly contend, with much force and plausibility, that appellant is not liable to appellee by reason

of having permitted the pool of water to stand unguarded on its own private ground and apart from any public place. The contention is not without authority to support it, but this question has been decided against them on the former appeals, and must now be treated as settled.

The plaintiff, on cross-examination by appellant's counsel, stated that he did not know that the water in the pool was hot, and had not so testified at a former trial. Preston Calvert, a witness for appellant, testified that he was present when plaintiff went into the pool of water, and told plaintiff that it was hot, and warned him against going into it. Upon examination in rebuttal after the close of defendant's evidence, the plaintiff contradicted the testimony of witness Calvert, and again stated that he did not know the water was hot, and did not so testify in the former trial. Counsel for defendant then offered evidence tending to show that plaintiff had testified differently at the former trial, but the court refused to permit its introduction, and error is alleged in that respect. Defendant drew out from plaintiff, in his cross-examination, his denial of any knowledge that the water was hot, or that he so testified in the former trial, and defendant had an opportunity to contradict him. These matters are left largely in the discretion of the trial judge, and we cannot say, that the discretion was abused in this instance by a refusal to give the defendant another opportunity to contradict the plaintiff concerning a statement made in his first cross-examination and reiterated on rebuttal after the close of defendant's testimony.

We find no prejudicial error in the record. The testimony is sufficient to support the verdict, and the judgment is affirmed.