The motion for a rehearing must be denied.

---

ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY

*v.* EVANS.

Opinion delivered November 14, 1910.

1. INSTRUCTIONS—AMBIGUITY—GENERAL OBJECTION.—An ambiguous instruction, which probably was not misunderstood when considered with other instructions, was not open to a general objection. (Page 550.)

2. RAILROADS—ORDINARY CARE—GOOD FAITH NOT A TEST.—An instruction, in an action against a railroad company for damages for failure to use due care after discovering decedent's peril, that if defendant's engineer saw decedent some distance ahead, but believed in good faith that he was in no danger, and proceeded without attempting to

stop or give signal, defendant would not be liable, was erroneous in making good faith of the engineer the test of ordinary care. (Page 550.)

3.  Trial—Argument.—Improper remarks of counsel do not call for a reversal if it appears that they had no prejudicial effect. (Page 550.)

Appeal from Pope Circuit Court; *Hugh Basham,* Judge; affirmed.

*Lovick P. Miles* and *Thomas B. Pryor,* for appellant.

1.  The decision of this court on former appeal, 87 Ark. 628, left no question at issue but the one whether or not, under the emergency shown, the engineer acted with ordinary care. The fourth instruction, given by the court, errs in that it eliminates the question of the engineer being in the exercise of ordinary good care when under the emergency existing he believed it would be safer not to blow the whistle or ring the bell. 60 Ark. 586.

2.  There is no presumption of law that the engineer saw the deceased, knew that he was a man insensible of his danger in time to have avoided injuring him, and thereafter failed to exercise reasonable care to avoid such injury, but such fact must be proved. 77 Ark. 404-5.

3.  Argument of appellee's counsel to the jury, being a patent effort to arouse the passions and prejudices of the jury rather than to assist them in weighing the evidence and arriving at a true verdict, was prejudicial, and the cause should be reversed because of such argument. 91 Ark. 95; 7 Enc. of Ev. 931; 118 Mich. 560; 42 L. R. A. 536; 45 Ark. 347; 58 Ark. 553; 70 Ark. 306; 61 Ark. 137.

*U. L. Meade* and *Davis & Pace,* for appellee.

1.  The evidence shows beyond question that the engineer of the train saw deceased in time to have given the alarm by sounding the whistle and ringing the bell. The question for the jury to decide was whether or not the engineer exercised ordinary care, after he discovered the peril of the deceased, to prevent the injury. This, according to the evidence he failed to do. 87 Ark. 628.

2.  Argument of counsel for appellee was justified by the evidence adduced, and in part invited by the conduct of counsel for appellant. The trial court heard the evidence and appellant's objections to counsel's argument, and overruled the same—and

properly so.  No prejudice resulted.  '95 Ark. 284; 90 Ark. 409; 91 Ark. 579; 23 Ark. 32; 34 Ark. 658; 20 Ark. 619; 66 Ark. 16. Remarks of counsel called forth by arguments and statements of opposing counsel can not be made the subject of complaint here.  77 Ark. 1; 95 Ark. 284.  Unless some undue advantage has been secured by the argument of counsel which has worked a prejudice to the losing party not warranted by the law and the facts of the case, this court will not reverse.  74 Ark. 260.  The trial judge can best determine at the time the effect of the argument before the jury, and a wide range of discretion must be accorded to him.  74 Ark. 259; 71 Ark. 406; 20 Ark. 619; 34 Ark. 649; 74 Ark. 489; 75 Ark. 67.

3.  This court will not reverse for a mere formal defect in an instruction, especially where no specific objection thereto has been urged in the lower court.  65 Ark. 255; 76 Ark. 348; 76 Ark. 468.

McCULLOCH, C. J.  David F. Evans was struck and killed by one of defendant's trains while he was asleep near the track, in the night time, with his head resting on or near the end of the cross-ties.  His administrator instituted this action to recover damages on account of alleged negligence of defendant's servants in charge of the train, and on a former trial of the case the circuit court instructed the jury to return a verdict in favor of defendant.  Plaintiff appealed, and this court reversed the judgment and remanded the cause for a new trial, holding that there was sufficient evidence to go to the jury on the question of negligence of defendant's servants in failing to give proper signals to awaken said decedent and warn him of the approach of the train.  In disposing of the case here, this court said:

"The failure of the engineer to use the instrumentalities placed at his hands for the purpose of warning persons on the railroad track of the near approach of a train created a condition from which reasonable minds might draw different conclusions.  In other words, the jury might have found negligence from his failure to give the usual danger signals.  We are of the opinion that the testimony was sufficient to submit the question of negligence in this respect to the jury."  *Evans v. St. Louis, I. M. & S. Ry. Co.,* 87 Ark. 628.

The case was again tried on substantially the same testimony. Plaintiff recovered judgment for damages in the sum of $1,500, from which the defendant prosecutes this appeal. It is unnecessary to set forth the facts in detail, for they are fully set out in the former opinion of this court; nor is it necessary to discuss them, as this court has already held that they were sufficient to sustain a verdict in favor of plaintiff.

It is insisted that the fourth instruction given at the instance of plaintiff assumed that it was negligence on the part of the engineer to fail to ring the bell or blow the whistle after discovering deceased ahead in close proximity to the track. The instruction referred to is somewhat ambiguous, and might be construed as an assumption that the failure to give signals constituted negligence; but, when read in connection with the other instructions in the case, it is not at all probable that the jury so understood it, for the question of negligence was clearly submitted for their determination. In this condition of the record, and in the absence of a specific objection to the fourth instruction, we cannot say that it was error which calls for a reversal. *Brinkley Car Works & Mfg. Co.* v. *Cooper*, 75 Ark. 325.

Error is assigned in the refusal of the court to give the following instruction, and another of like import: "You are instructed that if defendant's engineer saw the deceased some distance ahead in time to have stopped the train, but believed in good faith that deceased was in no danger of being injured, and, under that belief, proceeded without attempting to stop his train or to give any alarm until the train was so near to the deceased that it was impossible to stop the train, the defendant would not be liable, and your verdict should be for the defendant."

This instruction was properly refused, for it incorrectly laid down good faith on the part of the engineer as a test of ordinary care. Good faith marks the distinction between wilfulness and unintentional neglect, but it is not a proper test of ordinary care or negligence.

There are numerous objections and exceptions to remarks of one of plaintiff's counsel, made in the closing argument. Many of the remarks were highly improper, and called for a severe rebuke by the court, but we are unable to see how there could

have been any prejudicial effect from any of the remarks, and that is the test when we come to determine whether or not a judgment should be reversed.

One of the objections was to statements of counsel as to the distance the engineer first discovered the sleeping man ahead of the engine. There was some evidence sufficient to form a basis for the remark and to justify the conclusion which counsel drew as to the distance; therefore there was nothing improper in the argument. It was a mere expression of counsel's opinion as to what the evidence established in this respect.

We conclude that the case was fairly tried, and that the verdict rests upon sufficient evidence; so the judgment is affirmed.

HART, J., (dissenting.) ·I think the court erred in giving instruction No. 4, which is as follows:

"Locomotives of railroad trains are equipped with bell and whistle for sounding danger signals; and it ·is admitted that those in charge of the train did not ring the bell or blow the whistle after the presence of the deceased was discovered; and if the jury believe, under all the facts and circumstances proved in the case, that those in charge of said train failed to exercise ordinary care, being such care as a person of ordinary prudence would exercise under similar circumstances, by negligently failing to ring said bell or blow said whistle for the purpose of warning deceased of the near approach of the train, and such failure to use due care caused or contributed to death of plaintiff's intestate, you will find for the plaintiff."

The instruction was peremptory in its nature, and in effect told the jury that the appellant was guilty of negligence if its engineer failed to ring the bell or sound the whistle. It will be noted that the instruction singles out a certain fact, and tells the jury that, if that fact existed, the appellant was guilty of negligence. As I understand our former opinion, the fact that the engineer failed to ring the bell or sound the whistle was to be considered, together with all the other facts and circumstances connected with the happening of the accident, in determining whether appellant was guilty of negligence.