KANSAS CITY SOUTHERN RY. CO. *v.* LESLIE, ADMR.

## Opinion delivered October 23, 1916.

1. APPEAL AND ERROR—AMENDMENT TO COMPLAINT—REVIEW OF DISCRETION.—A trial court has a large discretion in permitting amendments to be made to pleadings, which will not be controlled, unless it is clearly shown that the discretion has been abused.

2. DAMAGES—WRONGFUL DEATH—RULE FOR ASSESSING DAMAGES.—In an action against a railway company to recover damages for the negligent killing of the deceased, *held*, the jury was properly instructed on the question of damages for deceased's pain and suffering, and on the right of his widow and child as to their pecuniary loss.

3. TRIAL—ACTION FOR WRONGFUL DEATH—ARGUMENT.—In an action against a railroad company for damages growing out of the negligent killing of the deceased, it is not error to fail to exclude argument of counsel in which he merely expressed his opinion of the case made out by the testimony.

Appeal from Little River Circuit Court; *Jefferson T. Cowling*, Judge; affirmed.

*James B. McDonough*, for appellant.

1. The court erred in permitting the plaintiff to amend his complaint so as to charge concurrent negligence, after plaintiff had closed his evidence and after defendant had filed a motion to require the plaintiff to elect upon which cause of action or act of negligence he would rely.

There is no evidence tending to establish any act of negligence, unless it be the absence of end handholds on the refrigerator car, and the absence of additional handholds on the tank car, and there is, in fact, no proof of negligence in that respect. The ruling of the Court, therefore, in the presence of the jury,

authorizing the plaintiff to allege concurring negligence, and that all the acts of negligence concurred in producing the death, was tantamount to a declaration by the Court to the jury that there was some evidence on each allegation in the complaint, and was reversible error.

2. The Court erred in its instruction, numbered 10, on the measure of damages, because (1) It leaves the jury without a guide as to the finding on the subject of conscious pain and suffering. (2) It authorizes the jury to find a lump sum in favor of the widow and child, and then to apportion that sum.

The measure of damages as to the child is different from that of the mother. Under the decisions of the Supreme Court of the United States the widow and child are only entitled to recover upon their actual pecuniary loss. The instruction does not so limit their recovery. 238 U. S. 599; 227 U. S. 59; *Id.* 145; 228 U. S. 173; 232 U. S. 248; 235 U. S. 625.

3. The court erred in refusing to exclude from the jury's consideration that part of the argument of plaintiff's counsel to the effect that zinc car should have been put in some other part of the train. There is no testimony whatever in the record upon which to base such an argument. 82 Ark. 562; 81 Ark. 231; *Id.* 25; 87 Ark. 515; 89 Ark. 58; 103 Ark. 356; 104 Ark. 94.

*W. P. Feazel*, for appellee.

1. The allowance of amendments to pleadings lies within the discretion of the trial court, and is not a ground for reversal unless it affirmatively appears that there has been an abuse of that discretion. 104 Ark. 276.

2. The court's instruction on the measure of damages has not been expressly passed on by this court, but it conforms in every particular to the opinion of the Supreme Court of the United States. 238 U. S. 844; 227 U. S. 145; 22 U. S. 173; 232 U. S. 248; 235 U. S. 625; 237 U. S. 648.

· 3. There is no merit in the objection to counsel's argument. He had the right to express his opinion in his argument to the jury as to the duty of appellant in making up its train. 76 Ark. 286; 93 Ark. 564; 96 Ark. 547; 76 Ark. 39.

KIRBY, J. This is the second appearance of this case in this court, it having heretofore been appealed from the judgment rendered against the railway company and affirmed by an opinion in 112 Ark. 306, where a sufficient statement of it appears. It was taken on a writ of error to the Supreme Court of the United States, where the judgment was reversed for error in the giving of instruction number 10, and remanded for further proceedings. 238 U. S. 599. That court in its opinion said: "Three substantial assignments of error demand consideration," and after reviewing and deciding that said assignments 1 and 2 were without merit, sustained the third assignment ·relative to the rule for the measure of damages recoverable, and reversed the case for the giving of instruction No. 10.

Upon the trial anew, virtually the same testimony was introduced, the error indicated being avoided by another instruction and from the judgment recovered against it, the railway company prosecutes this appeal, stating in its brief: "The evidence in this case is substantially the same as it was at the former trial, with some slight changes each way. There may be some little difference in the testimony of A. C. Holt, and also in the testimony of one or two others, but that difference is not sufficient to take the case to a jury. The suit is one under the Federal law. It is a Federal question, as to whether or not the facts shown in the record establish a cause of action under the Federal law. Therefore, in deciding that question, it is respectfully submitted that the court must follow the decisions of the Federal courts.

"For several reasons which are given below, it is respectfully submitted that under the construction of

the Federal Employers' Liability Act, as made by the Federal courts, there can be no recovery in this cause."

Many errors are assigned which we do not consider because of their having been determined adversely in the former decision, to appellant's contention.

(1) It is insisted now that the court erred in permitting the amendment of the complaint by appellant, in giving instruction No. 10 on the measure of damages, and in allowing an improper argument by appellee's counsel. At the conclusion of the introduction of appellee's testimony, appellant moved the court to require him to elect upon which allegation of negligence he relied for recovery, and thereupon he amended his complaint by leave of the court, by adding to the allegations of the second paragraph "That all the acts of negligence hereinbefore complained of either concurring or single, were the approximate cause of defendant's fall, injury and death." It is not shown wherein any prejudice resulted by permitting this amendment, it not being claimed that appellant was surprised thereby or did not have all of its witnesses available to meet and refute the allegations of the complaint. The court has large discretion in granting or permitting amendments of the pleadings, which will not be controlled unless it is shown that its discretion has been clearly abused, which is in no wise apparent here. *American Bond. Co.* v. *Morris,* 104 Ark. 276.

(2) The instruction complained of, No. 10, reads as follows:

"If you find for the plaintiff on the deceased's cause of action, that is for the conscious pain and suffering he endured, if any, by reason of the injury, you will assess the damages in a separate verdict on this element of recovery at such a sum as you find from the testimony would be a fair and just compensation for the conscious pain and suffering which you find from the testimony the deceased underwent on account of the injury, from the time of the injury to his death. And if you find for the plaintiff on the question of

financial loss to the widow and child by reason of the deceased's death you will assess the damages in a separate verdict on this element of recovery at such a sum as you find from the evidence would be the present worth of what the deceased would have reasonably contributed to them in a financial way had he lived, limiting the child's right of recovery under this element to such a sum as you find would be the present worth of what the deceased would have contributed to it in a financial way up to the time it arrived at its maturity and the widow's recovery under this element to such a sum as you find from the evidence would be the present worth of what the deceased would have contributed to her in a financial way during his life. You may assess the damages under this element of recovery if you find for the plaintiff, in a lump sum, but when you have done so, if you do, you will then apportion the same between the widow and child, giving the child such a sum as you find from the evidence would be the present worth of what the deceased should have contributed to it in a financial way up to the time it reached its majority, and to the widow such a sum as you find from the evidence would be the present worth of what the deceased would have contributed to her in a financial way had he lived, during his life.''

It is insisted that this instruction furnishes no guide to the jury for assessing damages on the subject of pain and suffering and does not base the right of recovery for the widow and child upon their actual pecuniary loss, and that it is contrary to the rule for measuring damages as laid down by the Supreme Court of the United States.

We do not agree to this contention, and if the error had been called to our attention on the first appeal, there had been no need for taking the case to the United States Supreme Court for its correction, but we think the instruction as given is in conformity to the rule for the measurement of damages as announced by said court, and that there was no error

committed in giving it.   K. C. Sou. Ry. Co. v. Leslie, 238 U. S. 599; Mich. Cent. Ry. Co. v. Vreeland, 227 U. S. 159; G. C. & S. F. R. R. v. McGinnis, 228 U. S. 173; N. C. R. R. Co. v. Zachary, 232 U. S. 248; Norfolk & Western R. R. v. Holbrook, 235 U. S. 625; St. L., I. M. & S. R. Co. v. Craft, 237 U. S. 648.

(3)   It is next contended that the court erred in not excluding from the jury the argument of appellee's counsel that the zinc car should have been put in some other part of the train, back with the other tank cars near the caboose.

The court upon objection being made to this argument said:  "The jury has heard the testimony as to the arrangement of these cars, and it is for them to determine whether or not defendant exercised ordinary care in the making up of that train.   They will determine that fact from the testimony," which remark was also excepted to.

Appellant insists there was no testimony in the record upon which the argument could be based and that the court should have excluded it on that account. It does not pretend to be a statement of a fact outside the record, but is only an argument or reason of appellant's counsel, upon the facts as presented in evidence, that if this car had been with the others of like kind  there would have been one less instance requiring the employees to go up and down from a higher to a lower or flat car upon the ladders and grab irons  provided for such purpose.

It was only counsel's view of the matter, upon the condition existing and the case as made by the testimony, or expression of his opinion thereon in argument, and no error was committed in the court's ruling.   Byrd v. State, 76 Ark. 286; Reese v. State, 76 Ark. 39; St. L., I. M. & S. R. Co. v. Rogers, 93 Ark. 564; St. L., I. M. & S. R. Co. v. Evans, 96 Ark. 547.

Appellant files an additional voluminous brief in reply to appellee's motion to advance and affirm, and points out with great particularity certain differences in the testimony of witnesses as introduced

at the last trial, but after a careful review of the whole record, we do not regard such differences as sufficiently important and material as to require different rulings by this court to those made on the former appeal, but rather agree with appellant's counsel in his said statement that the testimony is substantially the same as at the former trial, with some slight changes each way that are not material.

We find no prejudicial error in the record and the judgment is affirmed.