COPPERSMITH *v.* STATE.

Opinion delivered September 26, 1921.

1. CONTINUANCE—ABSENT WITNESSES—DILIGENCE.—A motion for continuance was properly denied where it does not appear that the applicant was diligent in procuring process for their attendance, he having waited until the case was set down for trial before securing subpoenas, and having failed to follow up the process to the extent of ascertaining the whereabouts of the witnesses so that their attendance could be procured.

2. CONTINUANCE—ABSENT WITNESSES—LIKELIHOOD OF PROCURING ATTENDANCE.— It was not error to refuse a continuance for the

absence of witnesses who had disappeared from their usual
haunts and could not be located, where there was no certainty
of procuring their attendance at a future date.

3. CRIMINAL LAW—INSTRUCTION—GENERAL OBJECTION.—Where an
instruction did not expressly assume that defendant was connected
with or interested in the operation of a gambling house, objection
that it impliedly assumed that fact should be raised by specific
objection.

4. GAMING—GAMING HOUSE—INSTRUCTION.—In a prosecution for
operating a gambling house, it was not error to refuse an instruction upon the question of defendant's guilt or innocence of
the offense of unlawful gaming.

Appeal from Garland Circuit Court; *Scott Wood,*
Judge; affirmed.

*B. H. Randolph, J. A. Stallcup* and *A. J. Murphy,*
for appellant.

The motion for continuance should have been sustained. § 10 Art. 2, Const. 1874; 71 Ark. 182; 99 Ark.
398; 21 Ark. 461.

*J. S. Utley,* Attorney General, *Elbert Godwin* and
*W. T. Hammock,* Assistants, for appellee.

1. Instruction No. 6 given by the court did not assume that Piovia's evidence tended to show that defendant was connected with or interested in the gambling
place, such assumption having been eliminated by the
qualifying clause used by the court; but, if he thought
it assumed such fact, defendant should have made specific objection. 136 Ark. 272.

2. Instruction No. 6 requested by the defendant
was erroneous in assuming that the indictment for operating a gambling house included the lesser offense of
gaming. 14 R. C. L. § 53, p. 211; 22 Cyc. 481.

Sections 2632 and 2639, Crawford & Moses' Digest,
provide punishment for two separate and distinct offenses.

3. There was no abuse of discretion in denying
the motion for continuance. 130 Ark. 245; *Id.* 592; 133
Ark. 239; 130 Ark. 149; 218 S. W. 170.

McCULLOCH, C. J.   The indictment against appel-
lant returned by the grand jury of Garland County is for
the offense of operating a gambling house in the city of
Hot Springs.   It is charged in the indictment that the
gambling was conducted in a room, mentioning the num-
ber of the room, in a certain hotel in the city of Hot
Springs.

When the case was called for trial, appellant pre-
sented a motion for continuance in order to procure the
attendance of two absent witnesses, George Brown and
Whitey Jackson, and the ruling of the court in refusing
to postpone the trial is the principal assignment of error
urged here for reversal of the judgment.   It is stated in
the motion that each of the two witnesses would testify,
if present, that the room in question was rented and
occupied as a bedroom by Brown, and that appellant did
not occupy the room for any purpose nor operate a gam-
bling game therein.   It appears from the record and
from the recitals of the motion for continuance that the
indictment against appellant was returned by the grand
jury on the 27th day of January, 1921, and that on
March 24, 1921, the court set the case down for trial on
April 5, a subpoena being issued on that date for each
of said witnesses.   Brown was a resident of Garland
County, and Jackson was a resident of Pulaski County,
and the subpoenas were issued respectively to those
counties, but were subsequently returned unserved.

Appellant alleged in his motion that the said wit-
nesses were temporarily absent from their respective
places of residence; that he had heard of their being in
El Dorado, Arkansas, and had sent a subpoena to Union
County, but that the same had not been returned up to
the day of the trial.   The motion contained a formal
statement that the witnesses were temporarily absent, and
that their attendance upon the trial at a later date could
be procured; that their absence was without the procure-
ment or connivance of appellant, and that he could not
establish the facts recited by any other witness.   The

court overruled the motion, and on a trial of the cause there was a conflict in the testimony as to who operated the gambling game in the room mentioned. There was testimony adduced by the State tending to show that appellant occupied the room and operated the game, and, on the other hand, there was testimony introduced by the appellant tending to show that he had nothing to do with the operation of the game, but that the room was occupied by Brown, and that Brown operated the game. We are of the opinion that the court was correct in finding that appellant had not exercised proper diligence entitling him to a continuance of the cause.

Appellant was not justified in waiting until the case was set for trial in preparing his cause and in having his witnesses summoned. The indictment was returned and appellant was arrested on January 27, but, according to his own statement, he did not set about the procurement of the attendance of the witnesses until March 24, and, even after that date, it does not appear that he was diligent in following the matter up to extent of ascertaining the whereabouts of the witnesses so that their attendance could be procured. Moreover, the fact that the witnesses suddenly disappeared from their usual haunts and could not be located justified the court in concluding that they were evading the service of process, and that there was no certainty of procuring their attendance at a future date. We think that the ruling of the court can be sustained on either of these grounds, and there should be no reversal of the judgment on account of the refusal to postpone the trial.

Another assignment of error relates to the giving of the following instruction:

"You could not convict on the testimony of the witness, Piovia, alone, but if you believe that his testimony which tends to show that defendant was connected with and interested in the place, if it does tend to show that he was connected with it, is corroborated by other evi-

dence tending to prove that defendant was interested in it and you believe from all of the evidence in the case, including that of Piovia, that defendant was interested in the operation of a gambling house or room, you should find the defendant guilty."

The contention is that the court assumed in this instruction that appellant was connected with or interested in the operation of the gambling house. The instruction does not, we think, contain such an assumption of facts— certainly not in express terms; and if it could be construed by implication to contain such an assumption, it was the duty of appellant to call the court's attention to it by a specific objection. *Brinkley Car Works & Mfg. Co.* v. *Cooper,* 75 Ark. 325; *Burnett* v. *State,* 80 Ark. 225; *St. L., I. M. & S. Ry. Co.* v. *Evans,* 96 Ark. 547; *Hogue* v. *State,* 93 Ark. 316; *Miller* v. *Fort Smith L. & T. Co.,* 136 Ark. 272.

It is also contended that the court erred in refusing to give an instruction submitting to the jury the question of defendant's guilt or innocence of the offense of unlawful gaming. It is sufficient to say in response to this contention that an indictment for operating a gambling house does not include the offense of gaming and appellant could not properly have been convicted of the latter offense under that indictment. The court was therefore correct in refusing to submit to the jury the question of appellant's guilt or innocence of the offense of gaming.

Finding no error in the record, the judgment must be affirmed. It is so ordered.