IN the MATTER OF Lonnie POSTON
as Administrator of the Estate of Zachery Poston, Deceased,
Philip Mark Le, as Administrator of the Estate of
Michelle Theis, Deceased, and Philip Mark Le, Individually
*v.* Shirlie FEARS and Sheri Thibodeau

94-95                                           887 S.W.2d 520

Supreme Court of Arkansas
Opinion delivered November 14, 1994

*Lawrence W. Fitting* and *Walters Law Firm, P.A.*, for appellants

*Pryor, Barry, Smith, Karber & Alford*, by: *Thomas B. Pryor*, for appellees.

ROBERT L. BROWN, Justice. The appellants in this appeal are Lonnie Poston, administrator of the estate of Zachery Poston, and Philip Mark Le, administrator of the estate of Michelle Theis.

Philip Mark Le also appeals individually. The appellants, Poston and Le, raise essentially one issue in their appeal: whether the trial court erred in granting the motion to dismiss of appellees Shirlie Fears and Sheri Thibodeau. We treat the two dismissal orders as orders to dismiss under Ark. R. Civ. P. 12(b)(6), modify them to be without prejudice to plead further, and remand the cases to the trial court.

On September 5, 1990, Zachery Poston and Michelle Theis, two children of tender years,[1] were placed in a daycare center operated by Caroline Theis under the name "God's Rainbow." At some point during the day, they left the daycare premises and made their way to the adjacent, unoccupied property owned by Fears and Thibodeau. They drowned in a swimming pool located on the premises.

On April 23, 1991, Poston filed his first complaint against Caroline Theis, Fears, and Thibodeau. This was followed by three amended complaints, the last being titled Second Amended Complaint and dated July 15, 1991. On June 4, 1992, Le filed his first complaint in intervention against Caroline Theis, Fears, and Thibodeau. It was followed by two amended complaints in intervention, the last being titled Second Amended Complaint in Intervention and dated July 13, 1992.

The complaints by Poston and Le alleged negligence against Caroline Theis as the operator of the daycare center and also against Fears and Thibodeau as owners of the adjacent property and swimming pool. Essentially the same facts are contained in both complaints. In addition to the ownership of the two properties, their proximity, and the deaths of the minor children, Poston and Le alleged the following with regard to the liability of Fears and Thibodeau:

- they failed to maintain their premises so as to prevent minor children from entering the pool area.

- they failed to cover or drain the pool so as to prevent minor children from falling in or drowning.

---

[1]The ages of the children are not given, though in appellants' brief, one child is described as being twenty-three months.

- they allowed the pool to become dirty and cluttered with debris so as to make the existence of water not apparent to minor children and so as to create a latent or hidden danger. The pool also had steep sides which prevented minor children from escaping.

- they allowed a water hose and a pool net with an eight-foot extended aluminum handle to lie in the pool area which would be attractive to minor children.

- they knew or should have known of the propensity of young children like the decedents to be attracted to swimming pools and should have properly secured the area and further covered or drained the pool.

Poston and Le each settled their complaints against Caroline Theis, leaving only the causes of action against Fears and Thibodeau remaining.

Fears and Thibodeau moved to dismiss both complaints. In each motion to dismiss, they moved for judgment on the pleadings, but they based each motion on the failure of Poston and Le to state facts upon which relief may be granted. The circuit court dismissed both complaints. In doing so, the court found (1) that neither complaint alleged that Fears and Thibodeau knew the minor children were on their property; (2) that the children were trespassers to whom "no duty" was owed; and (3) that facts alleging an attractive nuisance, a hidden inherent danger, or otherwise were not sufficient to establish a claim. In both orders the word "dismissing" or "dismissal" is used in the title. The circuit court stated in each order that the second amended complaint "fails to state facts upon which relief can be granted, and accordingly the defendants Shirlie Fears and Sheri Thibodeau are entitled to judgment on the pleadings." The court then dismissed both complaints with prejudice.

■■ Poston and Le urge that the circuit court erred in its conclusions, but we must first determine whether the circuit court entered a judgment on the pleadings pursuant to Ark. R. Civ. P. 12(c) or a dismissal pursuant to Ark. R. Civ. P. 12(b)(6). An argument could be made for either, but we conclude that the circuit court entered two 12(b)(6) dismissal orders. In reaching this conclusion, we observe that judgments on the pleadings are tradi-

tionally not favored by this court. *See, e.g., Estate of Hastings v. Planters & Stockmen Bank,* 307 Ark. 34, 818 S.W.2d 239 (1991); *Reid v. Karoley,* 229 Ark. 90, 313 S.W.2d 381 (1958). Moreover, there was abundant use of Rule 12(b)(6) language by the court, including reference to a failure to state facts upon which relief could be granted. The court further ordered *dismissal* of the two complaints.

The issue involved in this case is one of first impression for this court because we have not decided a case concerning the liability of an owner of a residential swimming pool in the context of attractive nuisance. The circuit court referred to principles of attractive nuisance garnered from our cases dealing with children of tender years and bodies of water such as ponds. *See Cooper v. Diesel Service, Inc.,* 254 Ark. 743, 496 S.W.2d 383 (1973), *overruled in part; Farm Bureau Mut. Ins. Co. v. Henley,* 275 Ark. 122, 628 S.W.2d 301 (1982); *Carmichael v. Little Rock Housing Authority,* 227 Ark. 470, 299 S.W.2d 198 (1957); *Brinkley Car Co. v. Cooper,* 60 Ark. 545, 31 S.W. 154 (1893). The circuit court's analysis was correct under those cases. Even if we assume as a matter of law that there is owner liability under these circumstances and that these cases should apply, Poston and Le simply have failed factually to state a cause of action under attractive nuisance principles. However, liability for deaths of very young children in private swimming pools may invoke different considerations, both legal and factual. *See, e.g., Liability of Owner of Private Residential Swimming Pool for Injury or Death Occasioned Thereby,* 20 ALR 3rd 1395 (1968); *see also Restatement of Torts, Second,* § 339 (ALI 1965).

We conclude that Poston and Le should be permitted to amend their respective complaints further in an attempt to state a cause of action following a dismissal on 12(b)(6) grounds. We have held under similar circumstances that an opportunity to amend should be afforded. *See Hubbard v. Shores Group, Inc.,* 313 Ark. 498, 855 S.W.2d 924 (1993). In *Hubbard,* the plaintiff's complaint was dismissed with prejudice under Rule 12(b)(6). We stated on appeal:

> ARCP Rule 12(j) provides that a trial court is to notify the attorneys of any action taken, and "if appropriate, the court will designate a certain number of days in which a party

is to be given to plead further." Appellant Hubbard was not given the chance to plead further. Under such circumstances, we modify the dismissal to one without prejudice and remand. *Ratliff* v. *Moss*, 284 Ark. 16, 678 S.W.2d 369 (1984).

313 Ark. at 504, 855 S.W.2d at 928.

The same principle applies here. We, therefore, modify the two orders of dismissal to be without prejudice to plead further and remand the matter to circuit court.

Affirmed as modified and remanded.