Cite as 2022 Ark. App. 186

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-21-121

|  |  |
|---|---|
| MILDRED "MIMA" CAZORT AND LAURA WALLACE-PANGLE, AS CO-SPECIAL PERSONAL REPRESENTATIVES OF THE ESTATE OF ADRON BENTON, A DECEASED MINOR<br><br>APPELLANTS<br><br>V.<br><br>HERSHEY GARNER, M.D., AND DENISE GARNER<br><br>APPELLEES | Opinion Delivered April 27, 2022<br><br>APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-18-1534]<br><br>HONORABLE DOUG MARTIN, JUDGE<br><br>AFFIRMED |

## RITA W. GRUBER, Judge

This appeal arises from the circuit court's grant of summary judgment on a complaint that alleged claims of attractive nuisance and negligence. Appellants are the co-special personal representatives of the estate of Adron Benton, who tragically drowned in a swimming pool owned by appellees. We affirm.

On March 7, 2017, Adron, who was six years old and had a diagnosis of autism, attended Vandergriff Elementary School in Fayetteville. During afternoon recess, Adron left the unfenced school playground and walked to the property owned by appellees, Denise and Hershey Garner, where he was found floating face down in the swimming pool, which was also unenclosed. He was transported to the hospital and pronounced dead the following day.

According to the facts alleged in the pleadings and exhibits attached to the motion for summary judgment and responses, appellees owned a home situated on forty acres that shares a property line with Vandergriff Elementary School. They purchased and moved to the property in the mid-1990s, remodeled the home, and installed a swimming pool. The elementary school was being built around the time the appellees moved to the property. The playground was approximately 82 feet from the shared property line, and the pool was approximately 238 feet from the property line. The pool was not visible from the playground, and there was a 12-to-15-foot natural barrier of trees and underbrush separating the properties.

Appellants filed a lawsuit against appellees on June 5, 2018, alleging claims based on attractive nuisance and negligence.[1] The complaint alleged that Adron's age and autism diagnosis were such that he was a child of "tender years" and, as such, was incapable of understanding the danger or risks associated with the unenclosed swimming pool; that Adron was attracted to the unenclosed swimming pool; that appellees knew or should have known that their property was across the street from an elementary school where Adron and other children frequented and played on an unenclosed playground; that appellees knew or

---

[1]In their initial answer, appellees pleaded that the Fayetteville School District, a nonparty to the action, was at fault in Adron's death, and such fault should be considered and allocated by the jury in reaching its verdict. Appellants moved to dismiss or strike the designation of nonparty fault. Attached to the motion was an affidavit of the school district's general counsel stating that on March 7, 2017, the district was not covered by an insurance policy that provided the district or its employees liability insurance for tort claims. Appellees subsequently amended their answer to plead that the fault and negligence of the school district was an intervening proximate cause.

should have known that Adron and other children who frequented and played nearby would likely be attracted to the premises due to the swimming pool; that appellees should have reasonably foreseen that their unenclosed swimming pool in close proximity to an elementary-school playground that was not fenced would present a dangerous condition to Adron and other young children; that precautionary measures were required by appellees to protect Adron and other children against the dangers of the attraction to their unenclosed swimming pool; and that the expense or inconvenience to appellees in remedying the dangerous condition of the unenclosed pool would be slight in comparison to the risk of harm to Adron and other children. The complaint further alleged that Adron's death was proximately caused by appellees' negligence in maintaining an unenclosed swimming pool across the street from an elementary school with no fencing on the playground. Appellants alleged that appellees owed a duty to Adron and other children in the area not to cause or expose them to harm or injury and that their failure to properly enclose the swimming pool amounted to a negligent disregard for the safety of nearby children, including Adron.

Appellees moved for summary judgment, arguing that under Arkansas law, their swimming pool cannot be found to qualify as an attractive nuisance and that there was no evidence they breached the duty of care owed to Adron as a trespasser or licensee, which was to do no act to cause injury after his presence was discovered or to refrain from injuring him though willful or wanton conduct. Appellants responded, arguing that swimming pools were not excluded from the attractive-nuisance doctrine in Arkansas and that if the circuit court determined that appellees' pool legally could be an attractive nuisance, it becomes a jury

3

question whether it is an attractive nuisance and whether the appellees exercised reasonable care in light thereof. On the issue of negligence, appellants asserted that appellees knew that children came upon their property or were likely to and were in a position of danger, and therefore, appellants owed Adron a duty of ordinary care to avoid injuring him and to make the condition safe or to warn him and those like him who do not know or have reason to know of the peril. They argued that there were disputed issues of material fact from which a jury could find that appellees breached the duty of care owed to Adron. Alternatively, appellants argued that a determination on the motion was premature since discovery was incomplete.

The court granted the alternative relief requested and allowed appellants the opportunity to complete discovery. Thereafter, appellants filed a supplemental response to the motion for summary judgment to which appellees filed a reply. A hearing took place on December 7, 2020, and the court entered an order granting appellees' motion for summary judgment on December 9, 2020. This order also denied appellants' partial motion for summary judgment on the issue of intervening proximate cause as moot. Appellants filed a timely notice of appeal on December 20, 2020.

In reviewing summary-judgment cases, we determine if the circuit court's grant of summary judgment was appropriate by deciding whether the evidence presented by the moving party left a material question of fact unanswered. *Moses v. Bridgeman*, 355 Ark. 460, 139 S.W.3d 503 (2003). The moving party always bears the burden of sustaining a motion for summary judgment. *Id.* All proof must be viewed in the light most favorable to the

4

resisting party, and any doubts must be resolved against the moving party. *Id.* The moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Id.* Once the moving party makes a prima facie showing that it is entitled to summary judgment, the opponent must meet proof with proof by showing a material issue of fact. *Id.* However, if a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence. *Id.* Summary judgment should not be granted when reasonable minds could differ as to the conclusions that can be drawn from the facts presented. *Id.*

In their first point on appeal, appellants contend that the circuit court erred in granting summary judgment on their claims of attractive nuisance and negligence. Appellants first argue that the circuit court erred in finding that "a swimming pool cannot be an attractive nuisance as a matter of law." However, from our reading of the order granting appellees summary judgment, the circuit court found that *appellees' swimming pool* is not an attractive nuisance.

One who maintains upon one's premises a condition, instrumentality, machine, or other agency that is dangerous to children of tender years by reason of their inability to appreciate the peril and that may reasonably be expected to attract children of tender years to the premises is under a duty to exercise reasonable care to protect them against the dangers

of the attraction. *See Bader v. Lawson*, 320 Ark. 561, 565, 898 S.W.2d 40, 43 (1995) (citing *Cooper v. Diesel Service, Inc.*, 254 Ark. 743, 496 S.W.2d 383 (1973)).

In *Carmichael v. Little Rock Housing Authority*, 227 Ark. 470, 299 S.W.2d 198 (1957), our supreme court was presented with the question of whether the attractive-nuisance doctrine was applicable to a pond that had existed for at least fifty years; was lined with large sweet-gum trees and smaller willow trees; contained a large rock at the east edge of the pond; was inhabited with small fish; was unenclosed; and children from the heavily populated surrounding area congregated in the shade of the trees and on the large rock to watch and throw rocks at the fish. The supreme court wrote:

> 'The attractive nuisance doctrine generally is not applicable to bodies of water, artificial as well as natural, in the absence of some unusual condition or artificial feature other than the mere water and its location.' 65 C.J.S., Negligence, § 29(12)j. The weight of authority in this country is to the effect that ponds, lakes, streams, reservoirs, and other bodies of water do not constitute an attractive nuisance in the absence of any unusual element of danger. See 56 Am. Jur., Waters, Sec. 436, where the textwriter further says: 'In some cases, the view has been taken that the proprietor may be held liable where some additional or unusual element of danger is involved in the situation as where the pond or pool is in close proximity to a highway or a playground, or where it is located in an urban or densely populated community, but the weight of authority appears to hold to the contrary, except where the facts bring the case within the rule respecting pitfalls or hazards adjacent to highways.' *See also*, Restatement of Torts, Sec. 339. Numerous cases on the question are collected in annotations in 36 A.L.R. 34, 39 A.L.R. 486, 45 A.L.R. 990, 53 A.L.R. 1355 and 60 A.L.R. 1453.

> Since water hazards exist everywhere, the tendency of a majority of the courts which recognize the attractive nuisance doctrine under other circumstances, is to refuse to apply it to permit recovery for the drowning of a child in a pond or other body of water unless it constitutes a trap or there is some other hidden inherent danger.

*Carmichael*, 227 Ark. at 472–73, 299 S.W.2d at 199–200. The court mentioned the following reasons in support of the majority rule: the difficulty of placing any practical limitation on such liability because the danger inherent in water in a pond is or should be obvious to a child; disinclination on the part of the courts to shift the duty of caring for their children from parents to owners of such hazards; and the impracticability of guarding or fencing against a hazard of this kind. The supreme court held that the pond at issue was not "unusually dangerous and contained no trap or hidden hazard which the immature mind would be unlikely to appreciate." *Id.* at 474, 299 S.W.2d at 200–01.

Since *Carmichael*, our courts have consistently adhered to the rule that ponds, lakes, streams, reservoirs, and other bodies of water do not constitute an attractive nuisance in the absence of any unusual element of danger. *See, e.g., Jones v. Comer*, 237 Ark. 500, 505, 374 S.W.2d 465, 468 (1964) ("Even if it could be said that the bag swing [150 feet from pond] and old boat were instrumental in attracting the children to the pond to play, still that would not be sufficient to make applicable the attractive nuisance doctrine."); *Cooper*, 254 Ark. 743, 496 S.W.2d 383 (holding that a pond, natural or artificial, which, outside of being a body of water, possesses no features which would allure a child of tender years, is not an attractive nuisance, and further, that the fact that the bank dropped off suddenly did not constitute a trap); *Powell v. ISC N., LLC*, 2017 Ark. App. 394, 524 S.W.3d 458 (holding that the partially submerged truck-bed liner was not hidden, and it did not mask the inherently dangerous nature of the pond, which was open and obvious). In *Cooper*, our supreme court stated that "[w]hat is meant by a trap is pointed out in *Brinkley Car Co. v. Cooper*, [60 Ark.

545, 31 S.W.154 (1895),] where a six-year-old child was scalded by walking into a pit containing hot water, the water being so completely covered, however, with pieces of bark, that the water could not even be seen." 254 Ark. at 747, 496 S.W.2d at 385.

Appellants essentially ask this court to hold as a matter of law that residential swimming pools are attractive nuisances in Arkansas.[2] They argue that artificial swimming pools are different from other bodies of water because they are designed for recreation and entertainment and to be attractive and inviting. They further suggest they are unlike other artificial bodies of water, such as those designed for utility rather than enjoyment. As such, appellants contend that it is an open question as to whether a child of tender years should appreciate the danger of a swimming pool. Essentially, appellants want this court to hold that all swimming pools are attractive nuisances and should be enclosed in order to keep children of tender years safe.

Appellants state that the supreme court in *In re Poston*, 318 Ark. 659, 887 S.W.2d 520 (1994), observed that a residential swimming pool invokes different legal considerations. However, the supreme court stated that they "may" invoke different legal and factual considerations and cited secondary authority. *Id.* (citing D.E. Evins, Annotation, *Liability of Owner of Private Residential Swimming Pool for Injury or Death Occasioned Thereby*, 20 A.L.R. 3d 1395 (1968); Restatement (Second) of Torts § 339 (Am. Law Inst. 1965)). The issue of

---

[2]In their reply brief, appellants state, "All the court needs to decide today is whether swimming pools, artificial bodies of water designed for recreation and entertainment, which by their nature are expensive to install and maintain, should not require the small additional investment of a simple fence or barrier to keep children of tender years safe."

whether a swimming pool is an attractive nuisance was not before the court. Appellants suggest that the supreme court's remanding the case in *Poston* would have been futile if swimming pools could not be attractive nuisances as a matter of law. However, *Poston* was before the court as a result of dismissals with prejudice under Rule 12(b)(6) of the Arkansas Rules of Civil Procedure, and the supreme court modified the two orders of dismissal to be without prejudice to plead further and remanded the matter to the circuit court.

As pointed out by appellants, there are jurisdictions that hold that the attractive-nuisance doctrine is applicable to swimming pools and some that hold they are not. *See, e.g.,* 2 Louis A. Lehr, Jr., Premises Liability 3d § 40:12 Westlaw (Sept. 2021 update); Robin Cheryl Miller, Annotation, *Liability of Owner of Private Residential Swimming Pool for Injury or Death Occasioned Thereby*, 64 A.L.R.5th 1 (1998). There are also jurisdictions that hold that each case must be decided on its own facts. Miller, *supra.* Considering our precedent that bodies of water, natural or artificial, do not constitute an attractive nuisance in the absence of any unusual element of danger, we hold that a case involving a swimming pool should be treated no differently.

In the order granting summary judgment, the circuit court found, in part, that there was "no unusual condition in or near defendants' pool, nor was one alleged by the plaintiffs, which would mask the inherent danger of a body of water." And further, the court found:

> 10. The Court hereby finds that the plaintiffs have failed to present evidence or facts to create any genuine issue of material fact. The Court further finds as a matter of law that any danger associated with defendants' swimming pool was open and obvious to all persons, that no unusual condition existed in or near the

9

defendants' swimming pool that would mask the inherent danger of a body of water, and that the defendants' swimming pool was not an attractive nuisance.

Appellants do not challenge the circuit court's finding that no unusual condition existed in or near the appellees' swimming pool that would have masked the inherent danger of a body of water. In the absence of such a condition, we cannot say that the circuit court erred in finding that appellees' swimming pool is not an attractive nuisance. Accordingly, the circuit court correctly granted summary judgment on appellants' attractive-nuisance claim.

Inasmuch as appellants argue that the circuit court erred in granting summary judgment on their negligence claim, appellants do not appear to challenge the circuit court's findings that Adron was either a trespasser or a licensee or that the duty owed to a trespasser or a licensee is to not harm him through willful and wanton conduct once the landowner knew or reasonably should have known of his presence on the property. Rather, appellants argue that the duty of a landowner to a trespasser is different in the context of an attractive nuisance. Under the attractive-nuisance doctrine, a landowner has a duty to exercise reasonable care to protect children of tender years against the dangers of the attraction. *Bader*, 320 Ark. at 565, 898 S.W.2d at 43. Because we have held that the facts here do not fall within the attractive-nuisance doctrine, we do not address this argument.

Assuming appellants' argument can be interpreted as a challenge to the circuit court's findings with respect to their negligence claim, we affirm. The question of the duty, if any, owed by one person to another is always a question of law and never one for the jury. *Id.* at

564, 898 S.W.2d at 42. Here, the circuit court found that Adron was either a trespasser or a licensee. It has been stated that "one who goes upon the premises of another as a mere licensee is in the same attitude as a trespasser so far as [it] concerns the duty which the owner owes him for his protection; that he takes the license with its concomitant perils, and that the owner owes him no duty of protection except to do no act to cause his injury after his presence there is discovered." *Webb v. Pearson*, 244 Ark. 109, 111, 424 S.W.2d 145, 146 (1968).

A landowner owes a licensee the duty to refrain from injuring him or her through willful or wanton conduct. *Bader*, 320 Ark. at 564–65, 898 S.W.2d at 42. No duty is owed a licensee until the licensee's presence on the property is known or reasonably should be known, and once the presence is known, the duty owed to the licensee is to refrain from injuring the licensee through willful or wanton conduct. *Powell*, 2017 Ark. App. 394, at 10–11, 524 S.W.3d at 464. To constitute willful or wanton conduct, there must be a course of action that shows a deliberate intent to harm or utter indifference to, or conscious disregard of, the safety of others. *Id.* If the landowner knows or has reason to know of a condition on the premises that is not open and obvious and that creates an unreasonable risk of harm to the licensee, the landowner is under the duty to use ordinary care and to make the condition safe or to warn those licensees who do not know or have reason to know of the danger. *Id.*

Here, the proof submitted to the circuit court did not demonstrate that appellees knew or should have known that Adron was on the property. Appellants have made no allegations of willful or wanton conduct by the appellees, and no proof of such conduct was

11

presented to the circuit court. Accordingly, the circuit court's dismissal of appellants' negligence claim on summary judgment was proper.

Finally, appellants moved for summary judgment on the issue of intervening proximate cause, which was raised by appellees in their amended answer to the complaint. After granting appellees' motion for summary judgment, the circuit court denied the motion as moot. Because we affirm the circuit court's dismissal of appellants' complaint on the attractive-nuisance and negligence claims, we also affirm the circuit court's denial of appellants' motion for summary judgment.

In conclusion, we agree with the opinion of our supreme court expressed in *Carmichael*: "The drowning of a child of tender years is a most regrettable tragedy. In determining a claim of legal responsibility for such a deplorable misfortune it is difficult to resist the temptation to substitute sentiment for law and reason." 227 Ark. at 474–75, 299 S.W.2d at 201. However, considering our precedent and the facts presented in this case, we cannot say that the circuit court erred in granting summary judgment on appellants' claims of attractive nuisance and negligence.

Affirmed.

HARRISON, C.J., and ABRAMSON, J., agree.

*Baker Schulze & Murphy*, by: *J. G. "Gerry" Schulze*; and *McDaniel Law Firm, PLC*, by: *Brett McDaniel*, for appellants.

*Benson & Bennett, P.L.C.*, by: *Justin Bennett* and *Joe Benson*, for appellees.