ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* PRITCHETT.

Opinion delivered December 17, 1898.

RAILROADS—DUTY TO KEEP LOOKOUT—INSTRUCTION.—The court instructed the jury that "it is the duty of the employees of a railroad train to keep a constant lookout for persons and property upon its track." *Held*, that if this instruction is ambiguous and misleading, the defect is one of form, which can be reached only by a specific objection. (Page 47.)

Appeal from Jackson Circuit Court.

RICHARD H. POWELL, Judge.

*Dodge & Johnson,* for appellant.

The engineer had a right to presume that the child, not seeing the danger of attempting to cross in front of the engine, would abandon the attempt. 63 Ark. 177; 36 Ark. 41; 47 Ark. 497; 46 Ark. 513; 37 Ark. 393. The fact that deceased was too young to be guilty of contributory negligence does not render appellant liable unless it is guilty of negligence. 19 L. R. A. 167; 88 Pa. St. 520; S. C. 32 Am. Rep. 473; 74 Fed. 313; 126 Mass. 397; 97 Ill. 66–71; 70 N. Y. 126; 60 Mo. 413; 14 R. T. 314; 11 Wright, 304; 12 *ib.* 218. The first instruction given for plaintiff is erroneous, because it placed the duty of keeping the lookout upon each and every one on the train. 62 Ark. 185. The instruction is also abstract. 53 Ark. 96. The verdict is excessive.

*J. A. Watkins*, for appellee.

This court will not reverse for want of evidence, where there is *any* evidence to sustain the verdict. 21 Ark. 306; 51 Ark. 467; 57 Ark. 577. The engineer had no right to presume that the child would exercise the prudence of an adult, and he should have used proper care to prevent injuring it. 46 Ark. 523. Special care to prevent accidents is required of a railway company where it is backing a train at a public crossing. 8 Am. & Eng. Enc. Law, 420. Ringing the bell does not discharge this duty. 104 N. Y. 362; 92 N. Y. 289. The verdict is not excessive. Compensation for pain and suffering can not be measured, but must be left to the jury. 48 Ark. 396; 57 Ark. 377.

RIDDICK, J.  This was an action by the administrator of the estate of M. E. Pritchett against the appellant company for injuries causing him pain, suffering and death. The deceased was a boy only seven years of age, and in attempting to cross the railway track of appellant at a public crossing in the town of Newport he was struck by the tender of a backing engine and killed. The evidence, we think, makes out a case of negligence against the employees in charge of the engine sufficient to support the verdict of the jury. The only error complained of is that the court gave the following instruction: "It is the duty of the employees of a railroad train to keep a constant lookout for persons and property upon its track; and if any person or property shall be killed or injured by the neglect of such employees to keep such lookout, the company owning and operating such railroad shall be liable and responsible to the person injured for all damages resulting from neglect to keep such lookout, and the burden of proof shall devolve upon such railroad to establish the fact that this duty has been performed, unless the deceased was guilty of contributory negligence."

Counsel for appellant contend that this instruction, in effect, declared it to be the duty of each and every member of the train crew to keep a lookout. We do not believe that the language used necessarily conveys such meaning. It can just as well be construed to mean that the members of the crew should see that a lookout was kept, and this, doubtless, is the

meaning which the presiding judge intended to convey. If there was ambiguity calculated to mislead the jury, counsel for appellant should have made a specific objection to the instruction on that account, or should have asked an instruction stating that it was not required that every employee upon the train should be constantly on the look. This would have brought the matter squarely to the attention of the presiding judge; but counsel did not do so, but adopted almost the same language in instructions asked by them, and which were given. The defect was one of form only, and a general objection is not sufficient to raise a question of that kind. *Phœnix Ins. Co.* v. *Fleming*, 65 Ark. 54; *St. L., I. M. & So. Ry. Co.* v. *Barnett*, 65 Ark. 255; S. C., 45 S. W. 550 .

In the case of *St. Louis, S. W. Ry. Co.* v. *Russell*, 62 Ark. 182, cited by counsel, the judgment was reversed for a refusal to instruct the jury that the law did not require the engineer and fireman both at the same time to keep a constant lookout. In the recent case of *St. Louis, I. M. & S. Ry. Co.* v. *Waren*, 65 Ark. 619, the instruction criticised declared it to be the duty "of *all* persons running trains to keep a constant lookout," and made the company liable for injuries caused by the failure "of *any* employees to keep such lookout." It can be seen that this was materially different from the instruction given in this case.

Finding no error, the judgment is affirmed.