St. Louis, Iron Mountain & Southern Railway Company
*v.* Norton.

Opinion delivered April 11, 1903.

1. Instruction—General Exception.—Where the court charged that "it is the duty of all persons running trains in this state upon any railroad to keep a constant lookout for persons and property upon the track of said railroad," a general exception is not sufficient to raise the objection that the charge imposed the duty of keeping a lookout upon every employee upon the train. *St. Louis, I. M. & S. Ry. Co.* v. *Pritchard,* 66 Ark. 46, followed. (Page 317.)

2.  ACTION FOR DAMAGES—SPECIAL OWNERSHIP.—One having an animal
    in charge to sell for another, and having expended money in
    caring for it which he is to have out of the proceeds of sale, has
    such a special ownership as ·entitles him to recover its full value
    from one who negligently killed it.  (Page 317.)

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

*Dodge & Johnson,* for appellant.

The verdict is contrary to law.  36 Ark. 451; 37 Ark. 562; 39
Ark. 413; 41 Ark. 161.  The verdict is not sustained by the evi-
dence.  66 Ark. 439.  It is sufficient if the fireman and engineer
keep a lookout.  62 Ark. 182; 64 Ark. 236.

·*C. H. Harding* and *J. W. Crawford,* for appellee.

The owner of domestic stock is not required to keep them in
enclosures.  46 Ark. 207; 48 Ark. 366.  The testimony as to the
tracks and the kind of night was proper to go to the jury.  41 Ark.
157.  This court will not disturb the verdict unless the jury dis-
regarded the law or the evidence.  41 Ark. 157; 54 Ark. 215; 66
Ark. 439.  The appellee was entitled to recover the full value of
the mule.  Sand. & H. Dig.· § 6352; 50 Ark. 169.  The instruc-
tions as to the lookout to be kept were proper.  Sand. & H. Dig. §
6207; 66 Ark. 46.  The error, if any, was not prejudicial.  23 Ark.
115; 24 Ark. 264; 17 Ark. 292; 21 Ark. 357; 59 Ark. 422; 58
Ark. 353.  There was no necessity for multiplying instructions.
16 Ark. 628; 43 Ark. 184; 59 Ark. 140; 14 Ark. 330; 31 Ark.
684; 57 Ark. 577.

BATTLE, J.  Isaac S. Norton sued the St. Louis, Iron Moun-
tain & Southern Railway Company for the damages occasioned by
the negligent killing of one mule and two horses, the property
of the plaintiff, by the defendant's railway train.  The plaintiff
recovered judgment, and the defendant appealed.

The appellant insists that the verdict of the jury upon which
the judgment was based was contrary to the evidence.

P. Molter testified that he, on or about the 16th of February,
1900, was engineer of a freight train of appellant, which consisted
of thirty-nine cars and a caboose.  The train was running about

twelve miles an hour, and was equipped with a headlight, air brakes, sand and sand lever. While moving at the speed stated, he saw stock one hundred feet ahead of him. "They were huddled together in the middle of the track," and did not move until the train struck them. As soon as he saw them he sounded the whistle. He "could not see very far, on account of it being a bad night." "It was between a sleet and a snow at the time this took place, and was about three o'clock in the morning." His statement was confirmed by that of his fireman.

Other witnesses testified that there were tracks of the horses and mule on track of railroad, which indicated that they were running on the track about six hundred yards to the place where they were struck and killed by the train, and that there were no tracks to indicate that they returned from that place. Witnesses differed as to the state of the weather at the time the stock was killed, and leave the distance the stock could have been seen by means of the headlight, in advance of the train, in doubt. The burden was on the appellant to show that it used due care to avoid killing the stock. It devolved upon the jury to determine whether it had done so. They decided that it had not, and there is sufficient evidence to sustain their verdict.

Appellant contends that the court erred in instructing the jury as follows:

"1. The jury are instructed that it is the duty of all persons running trains in this state upon any railroad to keep a constant lookout for persons and property upon the track of said railroad, and, if any person or property shall be killed or injured by the negligence of any employee of any railroad to keep such lookout, the company owning and operating any such railroad shall be liable to the person injured for all damages resulting from such neglect to keep such lookout, and the burden of proof shall devolve upon such railroad to establish the fact that this duty has been performed."

In this connection the court instructed the jury, at the request of the appellant, as follows:

"1. A railroad company owes no duty to the owner of stock which strays upon its track except to keep a constant and careful lookout upon the track and to use reasonable and ordinary care at the time to avoid striking it. So, if you believe from the evidence in this case that the engineer in charge of the train was

keeping such a lookout, and did use such care to avoid striking the animals in controversy as an ordinarily prudent man would have used under the circumstances, but, on account of the close proximity of the animals to the moving train when the engineer discovered them on the track, he was unable to stop the train in time to avoid striking them, then the company was not guilty of such negligence as will entitle the plaintiff to recover, and your verdict will be for the defendant."

In *St. Louis, Iron Mountain & Southern Railway Company* v. *Pritchard,* 66 Ark. 46, this court, in commenting on an instruction similar to the one objected to, said: "Counsel for appellant contend that this instruction, in effect, declared it to be the duty of each and every member of the train crew to keep a lookout. We do not believe that the language used necessarily conveys such meaning. It can just as well be construed to mean that the members of the crew should see that a lookout is kept, and this, doubtless, is the meaning which the presiding judge intended to convey. If there was ambiguity calculated to mislead the jury, counsel for appellant should have made a specific objection to the instruction on that account, or should have asked an instruction stating that it was not required that every employee upon the train should be constantly on the lookout.  *  *  *  The defect was one of form only, and a general objection is not sufficient to raise a question of that kind."

We adopt these remarks in this case. The general objection of the appellant to the giving of this instruction was not sufficient. It should have followed the course indicated by the remarks quoted.

Counsel for appellant contends that appellee's interest in the mule amounted to eight dollars, and seems to think he ought to have recovered only eight dollars, instead of thirty-five dollars, the value of the mule. Norton, the appellee, testified that he had the mule in charge to sell for another, and had expended eight dollars in feeding and caring for it. This he was to have out of the proceeds of sale, and the remainder was to go to the owner. This showed that he had special ownership in the mule, and was entitled to recover its full value. Sandels & Hill's Digest, § 6352; *St. Louis, I. M. & S. Ry. Co.* v. *Biggs,* 50 Ark. 169.

Judgment affirmed.