SAINT LOUIS SOUTHWESTERN RAILWAY COMPANY v. BOWEN.

Opinion delivered January 21, 1905.

INSTRUCTION—GENERAL OBJECTION—SUFFICIENCY.—A general objection to an instruction concerning the duty of railway companies to keep a lookout for stock is insufficient to point out that the court erred

in defining the duty to be to keep a constant lookout for stock "along their right of way," instead of "upon their track," as the language employed was merely formally inaccurate.

Appeal from Arkansas Circuit Court.

George M. Chapline, Judge.

Suit by W. C. Bowen against St. Louis Southwestern Railway Company to recover damages caused by the killing of plaintiff's horse by engine and train of defendant at a highway crossing. Plaintiff recovered, and defendant appealed. Affirmed.

*Sam H. West* and *J. M. & J. G. Taylor,* for appellant.

The third instruction was misleading. The jury were told, in effect, that, in defending against the presumption of negligence, etc., they could consider whether or not the railroad servants kept a lookout over the right of way, instead of the track. 48 Ark. 366; 52 *Id.* 62; Acts 1891, p. 213; 60 Ark. 188.

*J. H. Harrod,* for appellee.

Even if the third instruction is technically erroneous, the judgment is right on the whole case. It was not prejudicial. An engineer cannot keep a lookout along the track without looking along the right of way within the limits of his vision.

Hill, C. J. This case is brought here to review the following instruction: "Ordinary care in the management of their trains is the measure of vigilance which the law exacts of railroad companies to avoid injury to domestic animals, and this means practically that companies' servants are to use all reasonable efforts to avoid harming an animal after it is discovered, or might by proper watchfulness be discovered, in or near the track; and if you believe from the evidence that the defendants kept a constant lookout for stock along their right of way, and that, after seeing the horse or by proper watchfulness could have seen it, used reasonable care to avoid the killing, then you will find for the defendants."

This instruction is based upon section 6607, Kirby's Digest, which requires persons running trains to keep "a constant lookout for persons and property upon the track." The instruction tells the jury that this requires the watchfulness near the track as well as on it, and then says that a constant lookout must be kept along the "right of way." It is insisted that this broadens the duty of the railroad, and that it is error. With the exception of the use of the term "right of way," the instruction is in exact accord with the construction placed on this statute in *St. Louis S. W. Ry. Co.* v. *Russell,* 64 Ark. 236. In that case the court said it was the duty of the employee keeping the lookout to take notice of animals approaching the track in front of the train and so close to the track as to be within range of his vision while looking along the track.

It is evident that the use of the term "right of way" was a formal inaccuracy, and it was not intended, construing the whole instruction together, to broaden the statute. The objection to the instruction was general, and not to this specific point, and, being a merely formal inaccuracy, it was the duty of the appellant to have specifically pointed it out to the trial court. Had this been done, doubtless it would have been corrected. Under repeated decisions of this court a general objection and exception to the instruction is not sufficient to raise the question as to such error. *St. Louis, I. M. & S. Ry. Co.* v. *Barnett,* 65 Ark. 255; *Phoenix Ins. Co.* v. *Flemming,* 65 Ark. 54; *Williams* v. *State,* 66 Ark. 264; *St. Louis, I. M. & S. Ry. Co.* v. *Pritchett,* 66 Ark. 46.

The judgment is affirmed.