## BURNETT v. STATE.

Opinion delivered October 8, 1906.

1. HOMICIDE—INSTRUCTION—HARMLESS ERROR.—Where, on a trial for murder in the second degree, the evidence would have justified a verdict of that degree, of voluntary manslaughter, or of acquittal, but not of involuntary manslaughter, the error of submitting to the jury the issue of involuntary manslaughter, of which offense defendant was convicted, was not prejudicial, as the jury necessarily rejected the evidence justifying an acquittal. (Page 227.)

2. INSTRUCTION—GENERAL OBJECTION.—A general objection does not point out an ambiguity in an instruction. Thus, where the court instructed the jury that defendant was guilty of manslaughter if he "stood by, aided, abetted or assisted" another in taking the life of decedent, a general objection was insufficient to point out that the instruction literally meant that he could have been convicted if he merely stood by and did not aid, abet or assist. (Page 227.)

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; affirmed.

*W. M. Cravens, Jo Johnson* and *F. A. Youmans.* for appellant.

1. Instruction numbered 7 is erroneous in that it sets out disjunctively the elements necessary to constitute appellant a principal offender. 122 Cal. 486. It is not a correct statement of the law as regards an accessory to the crime of involuntary manslaughter.

It is also erroneous in that it is not applicable to the facts in the case. 79 Iowa, 460.

2. Instructions 18 and 19 are also erroneous. Kirby's Digest, § 1563. Under these instructions the mere fact of defendant's being present was sufficient to warrant his conviction.

*Robert L. Rogers, Attorney General,* and *G. W. Hendricks,* for appellee.

HILL, C. J. Eli and Oliver Burnett, brothers, were jointly indicted in Scott Circuit Court for murder in the second degree, and Eli Burnett was convicted of involuntary manslaughter.

There was evidence to have justified a verdict of murder in the second degree, voluntary manslaughter or an acquittal, according to which version of the killing of Arie Smith be accepted

as the truth, but not a scintilla of evidence of involuntary manslaughter, and no instruction should have been given on that subject. The error of the court in submitting that question has brought about a lower sentence for appellant than he otherwise could have received. Necessarily, the evidence justifying an acquittal was rejected when the jury found this verdict; and if they had not been erroneously authorized to have found this degree of homicide, he would have been convicted of a higher grade.

Appellant contends there was error in the trial court refusing to give three instructions requested by him, but the court is of opinion that so much of the refused instructions as is correct was covered by those given.

The principal contention of appellant is in the giving of these three instructions:

"If you find from the evidence beyond a reasonable doubt. that Burnett killed Arie Smith while he, Burnett, was in the commission of an unlawful act without malice and without the means calculated to produce death, or if you find beyond a reasonable doubt that Oliver Burnett was in the prosecution of a lawful act done without due caution and circumspection, and you further find from the evidence beyond a reasonable doubt that the defendant, Eli Burnett, stood by, aided, abetted or assisted Oliver Burnett in taking the life of Arie Smith as defined in this instruction, then you should convict the defendant of involuntary manslaughter."

"If you find from the evidence beyond a reasonable doubt that Eli Burnett stood by, aided, abetted or assisted Oliver Burnett in unlawfully taking the life of Arie Smith, then he would be guilty of some degree of felonious homicide as defined in these instructions, whether there was or was not a combination between the defendant and his brother, Oliver Burnett, to do an unlawful act."

"If you find that there was no agreement or combination, as defined in these instructions, between Eli and Oliver Burnett to do an unlawful act, and you further find that Eli did not stand by, aid, abet or assist Oliver Burnett in unlawfully taking the life of Arie Smith, then Eli would not be responsible for the killing of Arie Smith."

The point is that in each of them a conviction was justified

if appellant, "stood by, aided, abetted or assisted Oliver Burnett."

These instructions are in the language of the statutes, sections 1560, 1561, 1563, Kirby's Digest. These sections mean one who stands by and aids or abets or assists, and do not mean one who stands by or aids, or abets, or assists. Presence is necessary to constitute an accessory indictable and punishable as a principal— the same offense which was principal in the second degree at common law. *Williams* v. *State,* 41 Ark. 173. Appellant insists that, literally, these instructions mean that he could have been convicted if he merely stood by and did not aid, abet or assist. It is not conceivable that the jury would have understood that they could convict a mere bystander who happened to be standing by when a felonious homicide was committed. The instruction would have been in better form if the court had put the word "and" in lieu of the comma after the words "stood by," and the word "or" after "aided." But, the court having used the exact language of the statute, which is reasonably clear, it devolved upon the appellant to point out this formal defect if he was not satisfied that the form of this instruction correctly presented the thought of it.

"If there was ambiguity calculated to mislead the jury, counsel for appellant should have made a specific objection to the instruction on that account. * * * The defect is one of form only, and a general objection is not sufficient to raise a question of that kind." *St. Louis, I. M. & S. Ry. Co.* v. *Pritchett,* 66 Ark. 46, and *St. Louis, I. M. & S. Ry. Co.* v. *Norton,* 71 Ark. 314.

The appellant should have pointed out this defect by a specific objection. *Darden* v. *State,* 73 Ark. 316; *Thomas* v. *State,* 74 Ark. 431; *St. Louis S. W. Ry. Co.* v. *Bowen,* 73 Ark. 594; *Brinkley Car Works, etc.,* v. *Cooper,* 75 Ark. 325; *McElvaney* v. *Smith,* 76 Ark. 468; *Davis* v. *Richardson,* 76 Ark. 348.

While there is error in the case, it is in appellant's favor, and he seems to have fared better than he was entitled to under the law and evidence.

Judgment affirmed.