### ROSSI v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. October 29, 1923.)

No. 6195.

1. Injunction ⚖➝230(4)—Failure to introduce injunctional order in evidence in proceeding for its violation held not to invalidate judgment.

In proceeding for contempt for violation of an injunction, the fact that the record does not show that the injunctional order was introduced in evidence *held* not to invalidate judgment, where it was treated by both parties as before the court, and no action was taken by defendant in the trial court, based on the failure to introduce it.

2. Criminal law ⚖➝37—Officers held not to have instigated offense for purpose of entrapment.

That officers, acting on information received which warranted a reasonable belief that defendant intended to violate an injunction by transporting or selling intoxicating liquors, took measures to, and did, apprehend him in the act, *held* not to constitute instigation of an entrapment.

In Error to the District Court of the United States for the District of Colorado; John Foster Symes, Judge.

Contempt proceeding by the United States against Manlio Rossi. Judgment of conviction, and defendant brings error. Affirmed.

Joseph M. Black, of Denver, Colo., for plaintiff in error.

Clarence L. Ireland, Asst. U. S. Atty., of Denver, Colo. (Granby Hillyer, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before STONE, Circuit Judge, and VAN VALKENBURGH and KENNEDY, District Judges.

KENNEDY, District Judge. The record in this case discloses that in February, 1922, the defendant with other persons was restrained and enjoined by virtue of an order issued out of the United States District Court for the District of Colorado, from violating title 2 of the National Prohibition Act (41 Stat. 457) in keeping or carrying around on his person, or in a vehicle or other conveyance whatever, or leaving

in a place for another to secure, any liquor, or soliciting, taking, or accepting, orders for the sale, shipment or delivery of intoxicating liquor in any way in violation of the act. Thereafter, and in June, 1922, the defendant was charged in a criminal contempt proceeding in the same court with the violation of the injunctional order. A trial was had upon the contempt charge before the court, and the defendant was found guilty and sentenced to imprisonment in the county jail and to pay a fine. The defendant thereupon appealed to this court, and presents two points worthy of consideration as grounds for a reversal of the judgment of the court below.

[1] The first contention raised on behalf of the plaintiff in error is that the judgment is void by reason of the fact that the original injunctional order was not introduced in evidence upon the trial in the contempt proceeding. The record fails to disclose the introduction of the injunctional order in the case. It appears, however, that the matter of said order was before the court in some form, as the court in excluding testimony in the nature of affidavits, remarked: "He (meaning the district attorney) has offered the record of this court." In any event, the record further discloses that the contempt proceeding was tried upon the theory not only in behalf of the government. but as well by the defendant, that the injunctional order was in evidence. This is clearly disclosed by the record in the cross-examination of the defendant by his own counsel, of which one question and answer is illustrative, as follows:

"Q. I will ask you to state to the court whether or not you have studiously obeyed that injunction? A. Positively I have obeyed the injunction."

Neither does the record show that the failure to introduce the original injunctional order in evidence was at any time made the basis by defendant of a motion to dismiss. The case therefore falls very clearly within the rule laid down in Schwartz v. United States, 217 Fed. 866, at page 870, 133 C. C. A. 576, 580, which is announced in the following language:

"It is true that the record does not show that the stay order and the order of injunction were formally introduced in evidence; but throughout the taking of the testimony they were referred to by the witnesses, including the defendant, as if they had been introduced, and were so treated by counsel in the examination. Besides, it does not appear that the omission was made the basis of a motion to dismiss, or in any way called to the attention of the court. To reverse the judgment on this ground would be carrying technicality to the point of extreme attenuation. There is authority for the proposition that the criminal contempt is so far distinct from the original civil proceedings that the order of injunction must be formally introduced. State v. Hudson County Electric Co., 61 N. J. Law, 114, 38 Atl. 818. But we think this rule too technical. The better view is that, as one proceeding grows out of the other and is collateral to it, the court will take judicial notice in the trial of the latter of all orders made in the former. State v. Jones, 20 Wash. 576, 56 Pac. 369; State v. Thomas, 74 Kan. 360, 86 Pac. 499; State v. Porter, 76 Kan. 411, 91 Pac. 1073, 13 L. R. A. (N. S.) 462; Haaren v. Mould, 144 Iowa. 296, 122 N. W. 921, 24 L. R. A. (N. S.) 404."

[2] The other point raised by counsel for plaintiff in error is that the record in the case discloses an entrapment. With this contention we cannot agree. The evidence upon the trial of the contempt proceed-

ing tends to show a witness called up the defendant on a phone and ordered the delivery of "six," advising certain officials of where such delivery was to be made. The officials appeared upon the scene, finding the defendant in company with the informant, a driver, and one other in an automobile upon the public highway, at which time, as the evidence tends to show, the defendant threw from the car six pint bottles of liquor. This was followed by his arrest and prosecution upon the information charging the contempt. These facts fall far short of sustaining the contention that an entrapment was instigated, and the most that can be said is that information brought to the attention of the officials led them to suspect and have reasonable grounds to believe that the defendant was violating the injunctional order, and under the circumstances they would therefore be justified in attempting to secure evidence based upon such suspicions and beliefs.

In the discussion of a case in which the question of entrapment was raised, the Circuit Court of the Sixth Circuit in Billingsley v. United States, 274 Fed. 86, at page 89, in dismissing the contention there, used the following language:

"The evidence offered on the part of the United States tends to prove that the public officials of Michigan were acting in good faith; that they did suspect, and had reasonable ground to suspect, that these defendants were engaged in the unlawful transportation of liquor into the state of Michigan; and that these officials made no mistake in arriving at that conclusion."

The same general language might be made applicable to the facts and used in disposing of this point in the case at bar.

The judgment of the trial court will be affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes