## RITTER v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. Nov. 5, 1923.)

No. 4004.

1. **Indictment and information** ⟨⇒⟩133(7)—**Sufficiency cannot be tested by objection to introduction of any testimony.**

   The sufficiency of an indictment or information cannot be tested by an objection at the commencement of the trial to the introduction of any testimony, on the ground that the information or indictment does not state facts sufficient to constitute a public offense.

2. **Intoxicating liquors** ⟨⇒⟩215—**Information held sufficient to charge unlawful sale.**

   Information charging that defendants "did unlawfully, willfully, and knowingly sell intoxicating liquor containing one-half of 1 per cent. or more of alcohol by volume fit for beverage purposes," *held* sufficient to charge the unlawful sale of intoxicating liquor.

3. **Criminal law** ⟨⇒⟩417(1)—**Testimony as to incriminating statement made in presence and hearing of defendant held admissible.**

   In a prosecution for possession and sale of intoxicating liquor, testimony as to statement made by third person to witness, in the presence and hearing of the defendant, tending to show defendant's guilt, *held* admissible.

4. **Criminal law** ⟨⇒⟩37—**Rule of entrapment stated.**

   One who had had no intention of committing a crime but was lured into crime by officers of the law cannot be convicted but, if the intent and purpose to violate the law were present, the mere fact that public officers furnished the opportunity is no defense.

⟨⇒⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5. Criminal law ⬅772(6)—Instruction on entrapment held sufficient.**

In a prosecution for possession and sale of intoxicating liquor, instruction that it is necessary for detectives and prohibition officers to match their wits against the wits of men who violate the prohibition law, but that the decoy or entrapment must be fair, giving illustrations of unfair entrapment, *held* sufficient.

**6. Criminal law ⬅569—Evidence held to sustain conviction for sale of liquor as against claim of unfair entrapment.**

Evidence *held* sufficient to sustain conviction for possession and sale of intoxicating liquor as against defendant's claim of unfair entrapment.

In Error to the District Court of the United States for the District of Nevada; Edward S. Farrington, Judge.

Henry Ritter was convicted of having possession of and selling intoxicating liquor, and he brings error. Affirmed.

James T. Boyd, of Reno, Nev., for plaintiff in error.

George Springmeyer, U. S. Atty.; and Charles A. Cantwell, Asst. U. S. Atty., both of Reno, Nev.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge. [1-5] The information in this case charges the two defendants, Ritter and Church, with the possession and sale of intoxicating liquor in two counts. The defendant Church was acquitted and the defendant Ritter convicted as to each count. The latter has sued out a writ of error. At the commencement of the trial, the plaintiff in error objected to the introduction of any testimony on the ground that the information failed to state facts sufficient to constitute a public offense. The sufficiency of an indictment or information cannot be tested in this way. Wild v. United States (C. C. A.) 291 Fed. 334. But the same objection was raised by motion in arrest. As the sentence imposed was imprisonment, and the record discloses no prior conviction, it is apparent that the sentence was imposed on the sale count. That count charges that the defendants "did unlawfully, willfully, and knowingly sell intoxicating liquor containing one-half of 1 per cent., or more, of alcohol by volume, fit for beverage purposes," and is clearly sufficient. Hensberg v. United States (C. C. A.) 288 Fed. 370.

An objection to the following testimony was overruled: "Mr. Scott told me that Mr. Church sold the drinks, and Mr. Ritter brought in the bottle"—and the ruling is assigned as error. It appears from the testimony that this statement was made within the presence and hearing of the plaintiff in error, and the testimony was therefore clearly competent. At the conclusion of the testimony the plaintiff in error requested an instruction on the question of entrapment, similar to the instruction approved by this court in Peterson v. United States, 255 Fed. 433, 166 C. C. A. 509. We there said:

"It is the settled rule in this circuit that where the officers of the law have incited a person to commit the crime charged, and lured him on to its consummation with the purpose of arresting him, * * * the law will not authorize a verdict of guilty."

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

From that rule we have no desire to depart.

"Public policy forbids that officers sworn to enforce laws should seek to have them violated, and that those whose duty it is to detect criminals should create them. So that, when an officer induces a person, who has had no intention of committing a crime, to violate the law, courts will not lend their aid in punishing the person thus lured into crime."

But if the intent and purpose to violate the law are present the mere fact that public officers furnish the opportunity is no defense. Goldman v. U. S., 220 Fed. 57, 135 C. C. A. 625; Billingsley v. U. S. (C. C. A.) 274 Fed. 86, and cases there cited. In this case the court instructed the jury that the government is not engaged in the business of manufacturing criminals; that it has enough to do to prevent the commission of crime; that it becomes necessary for detectives and prohibition officers to match their wits against the wits of the man who is deliberately, persistently, or frequently violating the law, or who has violated the law; that the decoy or entrapment must be fair; giving as illustrations of unfair entrapments the case from Montana where a public officer induced an Indian resembling a Mexican to go into a saloon and purchase intoxicating liquor, and the Woo Wai Case, 223 Fed. 412, 137 C. C. A. 604, from this circuit, and said:

"The idea of the law is, however, that a man who is engaged in unlawful business may have an opportunity, and the government officers may afford him an opportunity, to commit a crime. If a government officer goes into a place, asks for a drink of whisky, and it is given to him at his solicitation, convictions based on such evidence are frequently sustained. These are merely illustrations. You are to remember that it is for you to determine from the evidence, and after a consideration of all of it, whether this was a fair decoy or not. And in considering whether it was fair, you are to consider all the surrounding circumstances."

[6] This instruction was as fair to the accused as the law will warrant. Furthermore, there was little in this case to call for the submission of that question to the jury. The plaintiff in error was ostensibly running a soft drink saloon; he had in a sack upstairs in his room two jugs of intoxicating liquor and a funnel used to fill bottles; according to his testimony, the officers came into his place of business shaking and shivering and complaining of the cold; they asked for liquor but he declared that he had none—that he was not engaged in that business; they persisted, however, and finally he went upstairs to his room, brought down the liquor, and sold it to them over the bar. The officers returned some time later in the day and were again given liquor, without other persuasion or importunity than the mere asking. The latter act was a plain violation of the law, whether there was a technical sale or not, because of the arrest that followed. Under such circumstances, it is idle to say that an innocent person, without criminal intent or purpose, has been lured on to commit a crime through the wiles and guiles of public officers.

There is no error in the record, and the judgment is affirmed.