### DE LONG v. UNITED STATES. *
### HAAKER v. SAME.

(Circuit Court of Appeals, Eighth Circuit. February 3, 1925.)

Nos. 6648, 6649.

**1. Criminal law ⏂507(1)—Purchaser not accomplice in unlawful sale.**

The purchaser is not an accomplice in an unlawful sale of intoxicating liquor.

**2. Criminal law ⏂37—Inducing sale by prohibition agents held not entrapment.**

That prohibition agents went to defendant's premises for the purpose of inducing him to sell them liquor, which he did, in order to verify their suspicion that he was unlawfully engaged in such sales, is not such entrapment as will prevent his conviction.

In Error to the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Criminal prosecution by the United States against F. G. De Long and John Haaker. Judgments of conviction, and defendants bring error. Affirmed.

Carlos W. Goltz, of Sioux City, Iowa, for plaintiffs in error.

George A. Keyser, Asst. U. S. Atty., of Omaha, Neb. (James C. Kinsler, U. S. Atty., and Andrew C. Scott, Asst. U. S. Atty., both of Omaha, Neb., on the brief), for the United States.

*Rehearing denied April 17, 1925.

Before KENYON, Circuit Judge, and TRIEBER and PHILLIPS, District Judges.

TRIEBER, District Judge. As both cases involved identical matters, they were by agreement of parties consolidated and tried together in the court below and argued together in this court. The prosecution in each case was on an information.

The informations charged the plaintiffs in error and their wives with selling intoxicating liquors in violation of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10071¼ et seq.). The informations against the wives of both defendants were dismissed, and upon a trial to a jury the plaintiffs in error, hereafter referred to as the defendants, were found guilty. There were a number of assignments of error, but the only assignments relied on by counsel for the defendants in his brief are that the court erred in sustaining objections to a certain question propounded by counsel for the defendants to G. W. Coffman and Glenn Farley.

The bill of exceptions fails to show that the witness Farley was asked the question in issue; in fact, the only question asked and answered by him, as appears from the record, was about meeting the witness Coffman in Winnebago, Neb., and without objection he answered that he did, Mr. Gumm, the federal prohibition agent or Indian agent, having introduced them. The question asked Mr. Coffman on cross-examination, and to which an objection was sustained by the court and an exception saved, was:

"Mr. Coffman, the purpose of you and Mr. Farley going to those places was at the instigation of Mr. Gumm and Mr. Mann, of the Winnebago Agency? The purpose for which you went to the home of John Haaker was to induce him to sell you liquor. Is that true, or not?"

[1, 2] Counsel for defendants contends that by this question he sought to show that the defendants were entrapped by the prohibition enforcement officers to commit the offenses charged, and also that by reason of the purchases made by these officers from the defendants, they were accomplices. That the officers, in making the purchases of the liquor from the defendants, were not accomplices, does not require the citation of many authorities. See Singer v. United States (C. C. A.) 278 F. 415, certiorari denied 258 U. S. 620, 42 S. Ct. 272, 66 L. Ed. 795.

Assuming that the witness, an officer, did go to defendants' premises for the purpose of inducing them to sell intoxicating liquors, in order to ascertain whether they were un-

lawfully engaged in such sales, the defendants being suspected of engaging in that unlawful occupation, it would not be such an entrapment as would prevent a conviction. The three witnesses introduced by the government who testified to the sales by the defendants—there was no evidence introduced by the defense—stated that they were prohibition enforcement officers, and it was for the jury to determine what weight was to be given to their testimony.

That such acts of officers are not unlawful entrapments has been decided by this court in a number of cases, and is now no longer an open question. Rothman v. United States (C. C. A.) 270 F. 31; Smith v. United States (C. C. A.) 284 F. 673; Rossi v. United States, 293 F. 896. A leading case on that question is Grimm v. United States, 156 U. S. 604, 15 S. Ct. 470, 39 L. Ed. 550, and the numerous cases following it, which may be found in Rose's Notes.

There were other alleged errors assigned, but, as this is the only error relied on in the brief for the defendants, they must be treated as abandoned.

The judgment is affirmed.