## NAPOLITANO v. UNITED STATES.

(Circuit Court of Appeals, First Circuit.
February 17, 1925.)

No. 1821.

**Criminal law ⬤⟳37—Evidence held not to sustain defense of entrapment.**

Where narcotic inspectors, having information of illicit selling of drugs in a locality, and suspecting defendant, applied to him to get morphine for them for a drug addict, which he did, stating that he bought it from a person whom he failed to identify, the facts did not sustain a defense of entrapment.

In Error to the District Court of the United States for the District of Maine; John A. Peters, Judge.

Criminal prosecution by the United States against Guiseppe Napolitano. Judgment of conviction, and defendant brings error. Affirmed.

Raymond S. Oakes, of Portland, Me. (Oakes & Skillin, of Portland, Me., on the brief), for plaintiff in error.

William B. Nulty, Asst. U. S. Atty., of Portland, Me. (Frederick R. Dyer, U. S. Atty., of Portland, Me., on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Defendant was convicted under the Harrison Narcotic Act (Comp. St. §§ 6287g–6287q) of buying, possessing, and selling morphine in Portland, Me. He testified before the jury. At the close of the evidence, he moved for a directed verdict, on the ground that he was improperly trapped into the commission of the crime. This is the sole error assigned. The court instructed the jury fully on this aspect of the case; no exception was taken to the charge. Brief reference to a few of the salient facts will show that defendant's contention cannot be sustained.

It appeared that the narcotic inspector in charge of the New England States had information of drug peddling in the Italian quarter in Portland, Me. The result showed that his suspicion was not groundless. Thereupon he sent two agents to make an investigation. One of them had had previous acquaintance with the defendant. Just what grounds they had for believing the defendant was one of the dealers does not appear, except by inference from what they did. At any rate, the agents approached defendant with a proposition that he should get them some morphine for the alleged use of a drug addict. There are, of course, discrepancies in the testimony as to the dealings between the parties; but all questions of credibility were plainly for the jury. After three or four days, the defendant did, admittedly, purchase from some unnamed "individual," whom he said he met on the street, a quantity of morphine, which he delivered to the government's agent. Defendant's utter failure to identify this individual, or to explain how he happened to be able at the critical moment to find him and purchase the morphine, was alone enough to warrant the jury in believing the defendant had been in the business before, and had illicit relations with drug peddlers. There was not a scintilla of evidence that the government agents had anything to do with bringing the defendant into relation with the "individual" from whom he bought the morphine.

There was much other evidence, including resistance of the officers at the time of his arrest, on which the jury might have grounded a verdict of guilty knowledge of the traffic before the alleged temptation by the government agents.

On the evidence, the case falls well outside the principles of law relied upon by the defendant's learned counsel. See United States v. Intoxicating Liquors (D. C.) 290 F. 824; Butts v. United States (C. C. A.) 273 F. 35, 18 A. L. R. 143; United States v. Echols (D. C.) 253 F. 862; Ritter v. United States (C. C. A.) 293 F. 187; United States v. Lynch (D. C.) 256 F. 983.

The judgment of the District Court is affirmed.