## WEIDERMAN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit.
February 8, 1926.)

No. 7059.

1. **Criminal law ⊜⟶878(4)—Verdict of guilty on one count held not inconsistent with verdict of not guilty on other, though evidence warranting conviction on first count would warrant conviction on second.**

There is no fatal inconsistency in a verdict of guilty on one count in liquor ·prosecution and verdict of not guilty on another count, though testimony warranting conviction on first count would warrant conviction on second.

2. **Criminal law ⊜⟶37.**

Government officers cannot induce otherwise innocent persons to commit crime, with a view to having them prosecuted.

3. **Criminal law ⊜⟶37—Defendant was not entrapped if, in due course of business of selling intoxicating liquor, he made sales to government officers.**

Defendant was not entrapped, if engaged in criminal business of selling intoxicating liquors, and in due course of business he made sales to government officers.

4. **Criminal law ⊜⟶811(1).**

Instruction particularizing certain facts in testimony is properly refused.

5. **Criminal law ⊜⟶865(1).**

Court's inquiry as to numerical proportion in which jury was divided on failure to reach a verdict, and statement that there should be no difficulty in reaching a verdict, *held* reversible error.

6. **Criminal law ⊜⟶762(3)—Court informing jury that he thought evidence showed plain violation of law, but that this did not bind jury, held not error.**

Remarks of court, in expressing opinion as to weight of evidence, to the effect that he considered it to show plain violation of the law, but that this was not binding on, but only advisory to, the jury, *held* not erroneous.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Franklin E. Kennamer, Judge.

William Weiderman was convicted of violating the prohibition law, and he brings error. Reversed and remanded.

M. A. Breckenridge, of Tulsa, Okl. (Charles R. Bostick, of Tulsa, Okl., on the brief), for plaintiff in error.

W. F. Rampendahl, Asst. U. S. Atty., of Muskogee, Okl. (Frank Lee, U. S. Atty., of Muskogee, Okl., on the brief), for the United States.

Before KENYON and VAN VALKENBURGH, Circuit Judges, and YOUMANS, District Judge.

YOUMANS, District Judge. The errors urged by counsel for plaintiff in error, in oral argument and in their brief, are four in number.

[1] 1. The first is that the verdict is inconsistent, in that plaintiff in error was found guilty on the first count of the information and not guilty on the second. The testimony on the part of the government tended to show sales of alcohol to two individuals on the same occasion. It is argued on behalf of plaintiff in error that, if the testimony warranted a conviction on the first count, it also warranted a conviction on the second. While that is true, it does not follow that a verdict of not guilty on one count necessitated a verdict of not guilty on the other. In the language of the Supreme Court of Arkansas in the case of Burnett v. State, 96 S. W. 1007, 80 Ark. 225, 226, "necessarily the evidence justifying an acquittal was rejected when the jury found this verdict."

In their brief counsel for plaintiff in error quote extensively from the dissenting opinion in the case of Boone v. United States, 257 F. 963, 169 C. C. A. 113 (Eighth Circuit), but disregarded the opinion of the majority of the court. Judge Trieber, speaking for the majority in that case, said:

"It is true, as claimed by counsel, that the evidence as to some of the other counts, especially the sixth and eighth, on which the defendant was acquitted, is stronger against the defendant than that on this count; but it was for the jury to determine on what counts, if any, the defendant should be found guilty, and he certainly cannot complain of not having been found guilty on these counts. It is a well-known fact that juries frequently hesitate to return verdicts of guilty on a large number of counts, when the punishment which may be imposed on each count is as severe as that provided for violations of this statute (the minimum punishment on each count is five years). They therefore satisfy their consciences by a verdict of guilty on one or two counts, and not always on the counts supported by the strongest evidence."

[2, 3] 2. The second contention is that the court erred in the instruction given on entrapment. On that point the court instructed the jury as follows:

"It is claimed that, the government officials having induced the defendant to commit a crime, the government would be estopped from insisting upon a conviction. It is true in law that government officers cannot be permitted to induce otherwise innocent persons to commit crime, with a view to having them

prosecuted for such offense. In other words, if the crime originates in the mind of the government official, and in order to secure prosecutions against innocent persons such innocent person is induced to embark in a criminal enterprise, that in contemplation of law would be what is known as an entrapment. And if you believe from the evidence that the defendant was induced to make the sales by the government witnesses, who were government officials, and but for the inducement of these officials he would not have made the sales, or you entertain a reasonable doubt as to these facts, you should acquit the defendant. In the present case you are instructed that, if the defendant was engaged in the criminal business of selling intoxicating liquor, to wit, alcohol, and that in due course of such criminal business he made the sale or sales to the government officers, this would not constitute an entrapment. In other words, if the sales alleged to have been made were made in due course of the business in which the defendant was engaged—that is, of committing crime and selling intoxicating liquors—then it would be no entrapment for government officials to purchase liquor from him, and he would be as guilty as if he had sold the liquor to any other individual."

This instruction was a fair statement of the law upon the proposition involved. Ritter v. United States (C. C. A.) 293 F. 187; Rossi v. United States (C. C. A.) 293 F. 896; Newman v. United States (C. C. A.) 299 F. 128; De Long v. United States (C. C. A.) 4 F.(2d) 244.

Counsel for plaintiff in error requested an instruction upon this point, in which certain facts in testimony were particularized. It was not error to refuse that instruction. Bullard v. State, 252 S. W. 584, 159 Ark. 435.

[4] 3. The third error urged is based upon what occurred after the jury had been instructed, had retired, and had deliberated. The occurrence is stated in the record as follows:

"The Court: Have you reached a verdict, Mr. Foreman?

"Foreman of the Jury: We have not.

"The Court: Without indicating which way you stand, how do you stand as to numbers?

"Foreman of the Jury: Nine to three, the last ballot.

"The Court: What do you think of the probabilities of you reaching a verdict?

"Foreman of the Jury: Well, some of them seem to be set in their ways.

"The Court: Is it a question of law or question of fact?

"Foreman of the Jury: Question of whether or not they believe the witnesses.

"The Court: Is there any additional instruction any members of the jury desire?

"Foreman of the Jury: I don't think so.

"The Court: I don't want any man to yield against his conscientious views in reference to any case. A man's verdict is his own verdict, and must satisfy his own conscience; but I will say frankly, gentlemen, it occurs to me there should be no difficulty in reaching a verdict in this case. It occurs to me there is very little dispute about the testimony; in fact, practically very little."

[5] An inquiry as to the numerical proportion in which a jury was divided was disapproved in Burton v. United States, 25 S. Ct. 243, 196 U. S. 283, 305, 306, 49 L. Ed. 482. We think in this case that inquiry constituted reversible error. Stewart v. United States (C. C. A.) 300 F. 769.

[6] 4. The fourth ground urged is that the court erred in expressing an opinion as to the weight of the evidence. The language of the court was as follows:

"Now, gentlemen of the jury, the court seldom expresses an opinion as to what he thinks about the facts in a case. And what I say to you in that respect is not binding upon you, but it is merely advisory to you. In my judgment, in this case it was a plain case of a man violating the prohibition law [Comp. St. Ann. Supp. 1923, § 10138¼ et seq.] by dealing in alcohol. This story of furnishing a quart of alcohol to one man that he said was a stranger to him, and to another man that he admits that he had known no great considerable length of time, and only in a casual business way, does not appeal to the judgment of this court as being credible. I have no faith in that statement, but I believe that the officers told the truth when they said he said he had to go out to his plant to get it. I believe he had a plant that he went to, as he agreed to go, and delivered the alcohol at 6 o'clock that evening, pursuant to his agreement. I do not believe, under the evidence of the case, he was entrapped. But this is only an opinion of mine, and is not binding upon you, gentlemen; it is only a suggestion from me as to how this evidence strikes me."

In the case of Rudd v. United States, 173 F. 912, 97 C. C. A. 462, Judge Hook, speaking for the court, said:

"We do not mean to impair in any degree the right of a trial court in both civil and criminal cases to comment upon the facts, to

express its opinion upon them, and to sum up the evidence, for that is one of the most valuable features of the practice in the courts of the United States. A judge should not be a mere automatic oracle of the law, but a living participant in the trial, and so far as the limitations of his position permit should see that justice is done. But his comments upon the facts should be judicial and dispassionate, and so carefully guarded that the jurors, who are the triers of them, may be left free to exercise their independent judgment."

We do not think that the court transcended that rule in this case.

For the error indicated above in asking the jury how they stood, the cause is reversed and remanded for a new trial.