MARTINEZ v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
March 31, 1928.

No. 5253.

Poisons ⊂⊃9—Government, having proved sale of morphine, was not required to prove sale was without written order to sustain conviction for unlawful sale (Opium Act. 1914, § 2 [26 USCA § 696]).

In prosecution under Opium Act 1914, § 2 (26 USCA § 696; Comp. St. § 6287h), which prohibits sales of derivatives of opium "except in pursuance of written order," government having proved sale of morphine was not required to prove negative averment that sale was not made in pursuance of written order; it being presumed that sale was unlawful inasmuch as existence of written order was fact peculiarly within defendant's knowledge.

In Error to the District Court of the United States for the Eastern District of Louisiana; Louis H. Burns, Judge.

Toney Martinez was convicted of a conspiracy to sell and of selling morphine, and he brings error. Affirmed.

William A. Green, of New Orleans, La., for appellant.

Wayne G. Borah, U. S. Atty., and P. M. Flanagan, Asst. U. S. Atty., both of New Orleans, La.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. Martinez is one of several defendants who were convicted of a conspiracy to sell and of selling morphine, in violation of section 2 of the Opium Act of 1914 (26 USCA § 696; Comp. St. § 6287h) which prohibits sales of derivatives of opium "except in pursuance of a written order" of the purchaser "on a form to be issued in blank for that purpose by the Commissioner of Internal Revenue." 38 Stat. 786.

*Rehearing denied May 25, 1928.

He seeks reversal on the sole ground that the government failed to prove the negative averment that the sales were not made in pursuance of the written orders required by the statute. Clearly, the conspiracy charge did not depend upon such proof, as an unlawful agreement could exist even though no sales were made. But, as the sentence was greater than could have been imposed upon conviction for conspiracy, it becomes necessary to consider the substantive offense alleged. The presumption arose that the sale was unlawful upon proof that it had been made, because the government was not bound to prove a negative when the fact as to whether there was a written order was one peculiarly within the knowledge of defendant. Bishop on Statutory Crimes, §§ 1051, 1052; Taylor v. United States (C. C. A.) 19 F.(2d) 813.

The judgment is affirmed.