## LAWRENCE v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit. October 16, 1928.

No. 7898.

Joe Lawrence, in pro. per.

Frank Lee, U. S. Atty., and W. F. Rampendahl, Asst. U. S. Atty., both of Muskogee, Okl.

Before KENYON, Circuit Judge, and SYMES and MARTINEAU, District Judges.

MARTINEAU, District Judge. The defendant was convicted on two counts of an indictment charging him with violating the first part of section 2 of the Harrison Anti-Narcotic Act, as amended (26 USCA § 696). He was convicted of making two sales of morphine, not in pursuance of a written order on an official blank, and was sentenced to serve two years on each count, the sentences to run concurrently.

The decision of the Supreme Court of the United States in Nigro v. United States, 276 U. S. 332, 48 S. Ct. 388, 72 L. Ed. 600, holds that the Harrison Anti-Narcotic Act is constitutional, and that section 2 thereof applies to any person, whether required to register by section 1 (26 USCA § 211) or not. This case settles against the defendant his principal contention.

It is next insisted that the indictment does not with reasonable particularity describe the offenses charged, and especial complaint is made as to the description of the place. The crimes charged were two unlawful sales of morphine. The persons to whom the sales were made, the dates of the sales, and the amounts sold were specifically set out. The place was described as being "on a public road near the residence of the defendant near Sand creek, in Seminole county, state of Oklahoma, within the Eastern district of Oklahoma, and within the jurisdiction of this court." This certainly sufficiently describes the place. It is not required, when the place of the commission of a crime is in the country, to describe its location with that exactness necessary when it is in the city, for such strictness of description is impossible. A too strict requirement along this line would defeat all indictments for crimes committed in the country. The allegations in the indictment are sufficient and the evidence was not materially at variance with them. Lynch v. United States (C. C. A.) 10 F. (2d) 947; Partson v. United States (C. C. A.) 20 F. (2d) 127.

Was the defendant entrapped? His possession of morphine, so far as the record discloses, was solely for the purpose of sale. While he lived far in the country, where he might reasonably have felt safe from search, he nevertheless took the precaution to conceal his narcotics in some place outside his house in the woods. The fact that the sale was made to an officer does not make a case of entrapment. The defendant had the intention and possessed the means for the commission of the crime, and the offer of the officer to make the purchase was only the occasion for its consummation. Weiderman v. United States (C. C. A.) 10 F.(2d) 745.

The other questions raised are not of sufficient importance to require a discussion. The record as a whole establishes the defendant's guilt beyond a reasonable doubt.

The judgment of the court below is therefore affirmed.