## SAUVAIN v. UNITED STATES.*

Circuit Court of Appeals, Eighth Circuit.
March 1, 1929.

No. 8160.

*Rehearing denied May 11, 1929.

Edward E. Naber, of Kansas City, Mo. (J. H. Cowan, of Kansas City, Mo., on the brief), for plaintiff in error.

Roscoe C. Patterson, U. S. Atty., and Harry L. Thomas, Asst. U. S. Atty., both of Kansas City, Mo.

Before LEWIS, Circuit Judge, and WOODROUGH and McDERMOTT, District Judges.

McDERMOTT, District Judge. The defendant was charged, in two counts, with possession and sale of narcotics. He was convicted and sentenced on both counts, and has appealed, assigning several errors, of which the more important will be noticed.

1. The conviction in the first count must be set aside. That count charged unlawful possession without having registered as a dealer or paid the tax. It is admitted that the morphine in question was not in a stamped package; the original exhibit has been forwarded by the clerk of the trial court to the clerk of this court, and an examination of the package discloses that it is unstamped. It has been decided that a conviction cannot be sustained under such a charge by proof of possession of an unstamped package. O'Neill v. U. S. (C. C. A.) 19 F.(2d) 322; Butler v. U. S. (C. C. A.) 20 F.(2d) 570. In his brief the United States Attorney says:

"Count 1 of the indictment, while sufficient, was not supported by the evidence under the ruling of this court in Nigro v. U. S. (C. C. A.) 27 F.(2d) 1019. There was no showing that the morphine in question was or was not from the original stamped package and should this court, as in the Nigro Case, assume that the morphine was not in or from the original stamped package, this case must be reversed as to the first count."

2. The second count of the indictment is sufficient. It need not specifically state whether the morphine sold was in a stamped or unstamped package.

3. The evidence is ample to support the conviction. The officers searched an addict, finding neither money nor narcotics on him. They gave him $3 in marked money, kept him under their eyes until he went into the defendant's house, from which he emerged shortly with the defendant. When they emerged the addict had narcotics and the defendant had the marked money. There is other evidence, but this is ample.

4. There was nothing hinting at entrapment. The officers picked up an addict; the addict called the defendant over the phone, and made an immediate appointment at defendant's home. The defendant admits this

call, and says that he had several times before procured morphine for the addict. There was no persuasion or coaxing necessary. The addict simply afforded the defendant the opportunity to violate the law, which the jury, on ample evidence, found that the defendant did. If there is entrapment here, then a housewife entraps her grocer when she calls him in the morning. There would be few convictions under the Narcotic Law if officers must make the purchase in person, advising the seller that they are narcotic agents; or if the officers waited in their offices for volunteer complainants. The law has so often been stated by this court, that nothing need here be added. Lawrence v. U. S. (C. C. A.) 28 F.(2d) 608; Weiderman v. U. S. (C. C. A.) 10 F.(2d) 745; Robinson v. U. S. (C. C. A.) 32 F.(2d) 505.

■ 5. It is not incumbent upon the government to prove that the addict had no written order. Entirely aside from the provision of section 8 (26 USCA § 700), which makes it unnecessary for the government to negative, in either pleading or proof, the existence of exemptions, it has been held that the government need not prove a negative under the Narcotic Law. In Taylor v. U. S., 19 F.(2d) 813, this court said:

"The sales having been established by the government, the burden was on the defendant to prove that he had registered and paid the special tax. The government is not required to prove a negative, if the defendant has in his possession the evidence of the affirmative. 2 Chamberlayne on the Law of Evidence, § 983; Bishop on Statutory Crimes, §§ 1051, 1052; 4 Elliott on Evidence, § 3170; Faraone v. United States, 259 F. 507 (C. C. A. 6); McCurry v. United States, 281 F. 532 (C. C. A. 9); Giacolone v. United States, 13 F.(2d) 108 (C. C. A. 9)."

The identical point has been ruled by the Fifth Circuit, in Martinez v. U. S., 25 F.(2d) 302, that court expressly following the decision of this court in the Taylor Case.

6. There is no error in the charge to the jury. Moreover, the errors complained of are such as should not be reviewed without proper exception to the charge when made. If counsel believed that the court put undue emphasis on the government's evidence, or neglected mentioning the defendant's witnesses by name, as he did the government's, he should have asked the court to even the matter up. If counsel believed that the court's charge confused the issue as to the two counts, the court should have been given the opportunity to correct it then. We have examined the charge, nevertheless, and find no basis for complaint.

■ 7. On cross-examination of the defendant, he was asked whether he ever sold any morphine to one Wallace Ash, at approximately the same time. He denied it. Ash was called in rebuttal to prove the sale. Ordinarily a cross-examiner is bound by the answer to a question concerning a collateral matter. The defendant was not charged as a dealer. The other sale does not fall within the usual exceptions to the rule that excludes evidence of other offenses, which exceptions are set out in Gart v. U. S., 294 F. 66 (C. C. A. 8), and in Paris v. U. S., 260 F. 529 (C. C. A. 8). Care should be exercised in admitting evidence of other and distinct offenses; trials might soon become so involved in collateral matters that the issues would be lost sight of; moreover, if the defendant is shown to have made another sale, juries are apt to convict regardless of the evidence on the offense charged, and the defendant having no notice of the collateral charge, might be entirely unprepared to meet it. However, it appears here that the defendant claims he was entrapped; to meet that issue, the government may properly show that the defendant was a dealer and not a victim of zealous officers. The Sixth Circuit has ruled that evidence of other transactions are admissible to rebut the defense of entrapment. Billingsley v. U. S., 274 F. 86 (C. C. A. 6).

We find no error in the record as to the second count, and the judgment on the second count is affirmed. The judgment on the first count is reversed. The sentences as to both counts are set aside, and the cause remanded with instructions to enter sentence on the second count without reference to the first count.